*IN THE UNITED STATES COURT OF FEDERAL CLAIMS*

Nos. 04-1419 T & 05-1067 T

**(Judge Mary Ellen Coster Williams)**

K2 TRADING VENTURES, LLC,
NEW VISTA, LLC, TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**MOTION *IN LIMINE* BY THE UNITED STATES TO EXCLUDE THE RICHARD STARKE NOTES**

EILEEN J.O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
MICHAEL S. RAUM
STUART J. BASSIN
JENNIFER P. WILSON
Attorneys
U.S. Department of Justice (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 353-3922
(202) 514-9440

## TABLE OF CONTENTS

**Page**

Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I. The Starke notes are not admissible because they are not relevant to any issue in this case.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II. The Starke notes are inadmissible hearsay and otherwise unreliable. . . . . . . . . . . 10

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Appendix:

<u>Attach. Description</u>

A. Copy of the "Starke Notes" (plaintiffs' original exhibit No. 360).

B. Copy of August 15, 2005 Order in *Jade Trading v. United States*, Fed. Cl No. 03-2164T.

## TABLE OF AUTHORITIES

**Cases:**

*Helvering v. Gowain*, 302 U.S. 238 (1937). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Helvering v. Taylor*, 293 U.S. 507 (1935). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Jade Trading v. United States*, 56 Fed. Cl. 487 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Page**

**Cases (Continuation):**

*Neptune v. United States*, 38 Fed. Cl. 510 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Production House Ltd. P'ship C-23 v. Comm'r*, T.C. Memo 1992-304. . . . . . . . . . . . . . . 7

*Rosee v. Bd. of Trade*, 36 F.R.D. 684 (N. D. Ill. 1965). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sealy Power, Ltd. v. Commissioner*, 46 F.3d 382 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . 7

*Siddell v. Commissioner*, 225 F.3d 103 (1st Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Travelers Insurance Co v. United States*, 46 Fed. Cl. 458 (Fed. Cl. 2000). . . . . . . . . . . . . 10

*United States v. American Telephone and Telegraph Co.*, 524 F. Supp. 1381 (D.D.C. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*Vons Cos., Inc. v. United States*, 51 Fed. Cl. 1 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Westfed Holdings, Inc. V. United States*, 35 Fed. Cl. 544 (Fed. Cl. 2003), *rev'd in part on other grounds*, 407 F.3d 1352 (Fed. Cir. 2005). . . . . . . . . . . . . . . . . 10

**Statutes:**

Internal Revenue Code of 1986 (26 U.S.C.):

§ 6110. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

§ 6664. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Page**

**Miscellaneous:**

Federal Rules of Evidence:

Rule 401. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Rule 801. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rule 803. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rule 805. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rev. Rul. 95-45, 1995-1 C.B. 53. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule of United States Court of Claims:
Rule 26(b)(l).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Treas. Reg. (26 C.F.R.):

§ 301.6110-7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

§ 301.6221-1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No's 04-1419 T, 05-1067 T

**(Judge Mary Ellen Coster Williams)**

K2 TRADING VENTURES, LLC,
NEW VISTA, LLC, TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**MOTION *IN LIMINE* BY THE UNITED STATES TO EXCLUDE THE RICHARD STARKE NOTES**

Pursuant to paragraph 6 of the Court's order dated April 19, 2006, the United States moves for an order excluding from evidence the notes prepared by IRS attorney Richard Starke, which have been described as the "Helmer-Cram Memorandum," on the grounds that the notes are irrelevant and unreliable. These same notes were admitted as a plaintiffs' exhibit in *Jade Trading* over the objection of the United States. We are mindful of the Court's previous ruling. However, the United States raises new and revised objections in this case, now that the United States and the Court have had the opportunity to reflect further upon both the notes and Mr. Starke's testimony about his notes in the *Jade Trading* trial.

**BACKGROUND**

The exhibit described by plaintiffs as the "Helmer-Cram Memorandum" (plaintiffs' exhibit #360 on their original exhibit list) is a 43-page document comprised of typed notes prepared by IRS attorney Richard Starke in 1994 or 1995 (referred to herein as the "Starke notes").[1] Mr. Starke's notes were for his own purposes only, prepared in conjunction with his work on Revenue Ruling 95-45.[2] More specifically, the Starke notes include legal research; analysis of case law, Internal Revenue Code sections, internal IRS memoranda, and other materials; preparation for and summaries of internal IRS meetings he attended; and various other notes. The notes presumably of interest to plaintiffs are found at pages 010810 and 010811 (handwritten page numbers 15 and 16), wherein Mr. Starke relates information about several internal IRS meetings he attended on January 9, 1995, and primarily describes statements made by other IRS employees. As a preface to these notes (at handwritten page number 15), Mr. Starke states:

> These are very loose notes; I was not sure who represented who and heard a lot of vaguely reminiscent partnership tax law.

The Starke notes have a complicated provenance, involving at least two other cases in the

---

[1]A copy of the Starke notes are annexed to this motion as Attachment A.

Plaintiffs' exhibit # 360 includes two pages labeled "Background Information Note" (bearing bates stamps 011101-011102), and two pages of meta data about the Starke notes (bearing bates stamps 010795 and 010839). These four pages were not a part of the exhibit that was admitted into evidence in *Jade Trading*. The remainder of the document, bearing bates stamp 010796 through 010838, appears to be consistent with the 43-page document that was admitted into evidence in *Jade Trading*.

[2]Revenue Ruling 95-45, 1995-1 C.B. 53, addresses short-sale obligations assumed by corporations, an issue not relevant to this litigation. Indeed, neither party cited or discussed Revenue Ruling 95-45 in its pretrial brief in this case.

Court of Federal Claims – *Marriott Int'l Resorts v. United States*, Fed. Cl. Nos. 01-256 T and 01-257 T; and *Jade Trading v. United States*, Fed. Cl. No. 03-2164 T. It appears that, initially, the Starke notes (or a portion of the notes) were inadvertently produced in the course of discovery in *Marriott*. Plaintiffs' counsel in *Jade Trading* obtained a portion of the Starke notes from Marriott's counsel, and then moved to compel production of the entire document. The United States did not contest that the inadvertent production in *Marriott* resulted in a waiver of the deliberative process privilege, and the Court ordered the United States to produce the complete document to plaintiffs' counsel. As discussed further below, the Court later admitted the Starke notes into evidence in *Jade Trading* over a relevance objection by the United States.

Although the United States did not assert a privilege with respect to the Starke notes in *Jade Trading* (as a result of the inadvertent production), the notes were among the documents filed with the Court for *in camera* review in connection with the United States' assertion of deliberative process privilege over related documents. In an unpublished ordered entered on August 15, 2005, the Court determined (at 4) that all of the documents reviewed *in camera* were properly withheld under the deliberative process privilege.[3] The Court further held (at 6) that production of the deliberative documents would not "advance the integrity of fact finding"—

> [T]he documents address solely internal governmental debate on matters of law – the scope and content of a regulation and the interpretation of a legal term. Both the validity of the regulation and the interpretation of the term "liabilities" can be adjudicated by the court without resort to the Government's predecisional debate and opinion.

During the *Jade Trading* trial, plaintiffs offered the Starke notes into evidence at the conclusion of Mr. Starke's testimony, and the United States reiterated its relevance objection to

[3] A copy of the August 15, 2005 order is annexed to this motion as Attachment B.

the exhibit.[4] (Jade Trading trial transcript at 784:22-23; 749:5-7; 785:5-6.) The Court overruled the United States' objection, stating that it had already ruled on the relevance of the document in the discovery context, and admitted the exhibit into evidence. (*Id*. at 749:10-12; 785:7.)

In so stating, the Court apparently referred to its April 22, 2005, published order regarding executive privilege.[5] In that order, the Court had addressed plaintiffs' motion to compel document production relating to, among other issues, the IRS's internal interpretation of the term "liabilities" in 26 U.S.C. § 752 reflected in documents underlying the issuance of IRS Notice 2000-44.[6] The Court noted that it had "not seen the documents at issue and [could not] preliminarily assess relevance with precision." Nonetheless, the Court concluded that the category of documents including "background files relating to the IRS' construction of the term liabilities in 26 U.S.C. § 752 and documents underlying IRS Notice 2000-44 would potentially be relevant to the extent they embody the IRS' interpretations of this term at any point in time pertinent to this action." Specifically, the Court found that the category of documents could be relevant to the issues of "how the IRS interpreted this term in assessing their tax liability, in asserting penalties and whether the IRS' interpretation was consistent over time." In addition, the Court found that the category of documents could "aid in determining the reasonableness of the position adopted by Plaintiffs in their tax returns, namely, that they did not need to book a

---

[4]Before trial, the United States objected to the trial subpoena issued to Mr. Starke. The United States argued that the Starke notes, and his testimony about the notes, were irrelevant because the proper construction of the relevant sections of the Internal Revenue Code and attendant regulations, as well as their application to the transactions at issue in *Jade Trading*, was a matter of law for the Court to decide based upon its review of the governing legal authorities.

[5] *Jade Trading v. United States*, 56 Fed. Cl. 487 (2005).

[6] *Id*. at 488.

contingent obligation as a liability to reduce their basis in the partnership," which would be relevant "to determining the validity of Plaintiffs' challenge to the asserted penalties."[7]

In this case, plaintiffs have listed the Starke notes as a trial exhibit. Plaintiffs have neither listed Mr. Starke as a witness, nor listed his testimony from the *Jade Trading* trial as an exhibit. However, even if offered, Mr. Starke's trial testimony does not shed much light, if any, on his notes. Mr. Starke testified that when he prepared his notes in 1994 or 1995, he was not well versed in partnership tax law (his area of expertise was corporate taxation). (*Jade Trading* trial transcript at 784:3-13.) In addition, the bulk of his testimony consisted of plaintiffs' counsel asking Mr. Starke if certain text appeared in his notes and Mr. Starke responding "I see that" or "I see those words." (*See*, *e.g.*, *id*. at 750:3-754:24.) In fact, Mr. Starke testified that he had no present recollection of the meetings described in his notes, stating: "My recollection is in these notes. That's all there is." (*Id*. at 765:10-12.)

**ARGUMENT**

**I.**

**THE STARKE NOTES ARE NOT ADMISSIBLE BECAUSE THEY ARE NOT RELEVANT TO ANY ISSUE IN THIS CASE**

In order to be relevant, and thus admissible at trial, the Starke notes would have to tend "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[8] Of course, relevance may

---

[7] *Id.* at 491-93.

[8] Fed. R. Evid. 401. The relevance standard for admission into evidence is different than the relevance standard for discovery, which is governed by RCFC 26(b)(1). The discovery relevance rule is considerably more broad than the evidentiary rule in that it provides that
(continued...)

depend on the purpose for which the evidence is offered, and the proponent of the evidence is required to articulate that purpose. However, in doing so, plaintiffs confront a powerful generality:

> [T]he cerebrations and mental processes of government officials, leading to admittedly proper exercises of power, *can never be a factor in a judicial proceeding*.[9]

The United States anticipates that plaintiffs may attempt to offer the Starke notes for one of two purposes: (1) to establish the "controlling law" on the tax treatment for the sold options at issue in this case; or (2) to establish that a negligence penalty is not applicable.[10] The exhibit is not relevant if offered for either purpose.[11]

Initially, we note that this is a *de novo* proceeding in which plaintiffs must prove the

---

[8](...continued)
"[r]elevant information *need not be admissible* at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." (Emphasis added.) Accordingly, the Court's relevance determination in its decision on executive privilege in *Jade Trading*, even assuming it applies to the Starke notes, is not necessarily conclusive with respect to the issue of relevance for purposes of admissibility at trial.

[9]*Rosee v. Bd. of Trade*, 36 F.R.D. 684, 689 (N.D. Ill. 1965) (emphasis added).

[10] The Starke notes cannot be offered on the issue of "reasonable cause" under § 6664(c). Only the partnership itself may raise this defense in this proceeding; the alleged "reasonable cause" of the individual taxpayers must be asserted in partner-level proceedings. *See* Treas. Reg. § 301.6221-1(c). Here, K2 Trading has not asserted any partnership-level reasonable cause defense, and thus there can be no evidence on this point.

[11] Of the 43 total pages of Starke notes, the vast majority relate to short-sale obligations assumed by corporations, an issue not relevant to this litigation. The only portions that even arguably relate to the issues in this case are found at pages 010808 through 010812 (handwritten page numbers 13-17), which address the definition of liability generally and contingent liabilities specifically, options, and the *Helmer* decision. These portions include notes about internal IRS meetings attended by Mr. Starke and relate other IRS employees' statements.

correct amount of the adjustments made in the FPAA.[12] They cannot prevail merely by showing that the IRS made an error, and the Court may sustain the FPAA on any legal theory or authority.[13] Accordingly, the Starke notes bear no relevance if they are offered to demonstrate that the IRS has made an error or has taken an inconsistent position on a particular issue. Moreover, because the notes are a purely internal IRS document consisting of thoughts and impressions of a line attorney relating to a Revenue Ruling that is not even at issue in this case, the document is not relevant for *any* purpose in this litigation.[14]

More specifically, if offered for the first purpose, the exhibit is not relevant because no factual evidence is required to establish the controlling law on the proper tax treatment for the sold options. The question of what legal authority is controlling is not a "fact that is of consequence"—indeed, it is not a fact at all. Rather, it is a purely legal issue that the parties will brief after trial (and have already briefed preliminarily in their pretrial memoranda), and that the Court will decide based upon its review of governing legal authorities.[15] Thus, the Starke notes are not admissible if offered for this purpose.

The exhibit remains irrelevant if offered for the second purpose of establishing the

---

[12] *See Helvering v. Taylor*, 293 U.S. 507, 517 (1935); *Sealy Power, Ltd. v. Comm'r*, 46 F.3d 382, 385-86 (5th Cir. 1995); *Production House Ltd. P'ship C-23 v. Comm'r*, T.C. Memo 1992-304.

[13] *Helvering v. Gowain*, 302 U.S. 238, 245-46 (1937); *Sealy Power*, 46 F.3d at 385-86.

[14] *See, e.g., Vons Cos., Inc. v. United States*, 51 Fed. Cl. 1, 21 (2001) (finding that the only materials in the background file of a revenue ruling that could conceivably be relevant, in highly limited circumstances, "are those reflecting some high level of agency approval"); *Rosee*, 36 F.R.D. at 689 (collecting cases).

[15] *See, e.g., Neptune v. United States*, 38 Fed. Cl. 510, 513 (1997), *aff'd*, 178 F.3d 1306 (Fed. Cir. 1998).

inapplicability of a negligence penalty. Negligence includes any failure by a taxpayer to make a reasonable attempt to comply with the provisions of the Code. The Starke notes relate statements supposedly made by IRS employees at internal meetings. The taxpayers had no knowledge of these purely internal statements until the notes were inadvertently produced in discovery in unrelated litigation, well after taxpayers had undertaken the transactions giving rise to the alleged tax benefits at issue in this case. Accordingly, the statements could not have informed their tax analysis, and cannot now provide a basis for arguing that taxpayers made a reasonable attempt to comply with the provisions of the Code.[16]

In any event, statements made by IRS employees at internal meetings constitute neither the official position of the IRS nor the law. Plaintiffs may rely upon official IRS statements, the Internal Revenue Code, pertinent regulations, and case law, among other sources, in support of their argument that they made a reasonable attempt to comply with the provisions of the Code. However, unofficial, purely internal statements made by IRS employees simply have no bearing on this issue.[17] Indeed, there are instances in which a plaintiff/taxpayer may not rely upon *published* IRS statements, even when they are available and may have informed their tax

---

[16] Moreover, as explained in our Pretrial Memorandum, the question for the Court is whether a negligence penalty *applies* at the partnership level.

[17] *See United States v. American Telephone and Telegraph Co.*, 524 F. Supp. 1381, 1387 (D.D.C. 1981) ("Extrinsic evidence as to how and why the FCC reached its decision and what it intended thereby – either by Commissioners speaking in their individual capacities or by employees of the FCC – are irrelevant to the question whether defendant's compliance was reasonable"); *Siddell v. Commissioner*, 225 F.3d 103, 111 (1st Cir. 2000) (finding internal IRS memoranda discussing the internal construction of a regulation irrelevant because the "memoranda represent the personal views of the authors, not the official position of the agency").

analysis.[18] Accordingly, unpublished, unofficial statements are not properly relied upon here.

The Starke notes are not relevant to the issue of applicability of a negligence penalty at the partnership level because the document, and the statements contained therein, are deliberative. Although the United States does not now assert the deliberative process privilege with respect to this document, given that it has already been disclosed in its entirety, the document is not relevant for the same reasons it would have been privileged absent the inadvertent production.[19] In the Court's August 15, 2005 order sustaining the United States' invocation of deliberative process privilege, the Court held (at 6) that production of the deliberative documents would not "advance the integrity of fact finding" because:

> [T]he documents address solely internal governmental debate on matters of law – the scope and content of a regulation and the interpretation of a legal term. Both the validity of the regulation and the interpretation of the term "liabilities" can be adjudicated by the court without resort to the Government's predecisional debate and opinion.

The pertinent portions of the Starke notes (at handwritten page numbers 13-17) relate "solely internal governmental debate on matters of law," – whether short sales and options create liabilities. Because the Court can adjudicate the interpretation of the term "liability" without resort to the predecisional debate and opinion, the Starke notes are irrelevant. Similarly, the

---

[18] *See* 26 U.S.C. § 6110(k)(3) (providing that private letter rulings and technical advice memoranda "may not be used or cited as precedent"); *see also* 26 C.F.R. § 301.6110-7(b) (same); *Vons*, 51 Fed. Cl. at 8-11 (finding that private letter rulings and technical advice memoranda have precedential value *only* to the specific taxpayers to which they are issued and collecting cases to the same effect).

[19] The Court's order sustaining the United States' invocation of the deliberative process privilege did not apply to the Starke notes because the United States did not dispute that the privilege was waived. However, the substance of the Starke notes is consistent with the Court's description of the other documents reviewed. Therefore, it is reasonable to conclude that, but for waiver, the Court's holding would have applied to the Starke notes.

opinions of IRS employees about the *Helmer* decision and other legal authorities are not relevant because the decision and authorities speak for themselves.[20]

**II.**

**THE STARKE NOTES ARE INADMISSIBLE HEARSAY AND OTHERWISE UNRELIABLE**

The Starke notes are out-of-court statements. Assuming plaintiffs offer them to prove the truth of the matters asserted therein, they are hearsay and thus inadmissible.[21] The burden is thus on the plaintiff to show that the notes come within an enumerated exception provided in the Federal Rules of Evidence.[22] Because this is plaintiffs' burden, we will hold our analysis of any exceptions until our reply brief, when we can respond to plaintiffs' claims.

We note briefly, though, that the Starke notes are precisely the kind of unreliable document that should be excluded from evidence by the hearsay rule. For example, Mr. Starke stated (on handwritten page number 15) with respect to the conference he attended on January 9, 1995: "These are very loose notes; I was not sure who represented who and heard a lot of vaguely reminiscent partnership tax law." Mr. Starke further testified that when he prepared his notes, he was not well versed in partnership tax law (his area of expertise was corporate taxation). (*Jade*

---

[20] *See American Telephone and Telegraph Co.*, 524 F. Supp. at 1387 (finding statements made by FCC employees interpreting FCC rules, orders, or policy statements to be irrelevant; by comparison "a judicial decision is [not] subject to elaboration or interpretation by way of the subsequent testimony of the judicial officer who rendered it").

[21] Fed. R. Evid. 801(a)-(c), 802. It is difficult to imagine how plaintiffs could argue that the notes are offered for something other than their truth and still make a credible relevance argument, so we proceed on the assumption that they will offer the notes for their truth.

[22] *See, e.g., Travelers Ins. Co v. United States*, 46 Fed. Cl. 458, 461-62 (Fed. Cl. 2000); *accord Westfed Holdings, Inc. v. United States*, 55 Fed. Cl. 544, 566-67 (Fed. Cl. 2003), *rev'd in part on other grounds*, 407 F.3d 1352 (Fed. Cir. 2005).

*Trading* trial transcript at 784:3-13.) In sum, the Starke notes do not contain, either on their face or based on the testimony about them, any of the sorts of circumstantial guarantees of trustworthiness that underlie the exceptions to the hearsay rule codified in Rule 803.[23]

Additionally, because the notes contain alleged statements of other IRS employees (at handwritten page numbers 15-16), plaintiffs must show that each of several levels of hearsay is subject to an exception.[24] Thus, even if the Starke notes are somehow admissible in the abstract, the statements by other IRS employees contained within them must be independently admissible. Mr. Starke previously testified that he had no present recollection of the meetings described in his notes, stating: "My recollection is in these notes. That's all there is." (*Jade Trading* trial transcript at 765:10-12.) Thus, there is no reason to believe, and no way to verify, that the statements by other IRS employees reflected in Mr. Starke's notes are accurately recorded, and at a minimum the Court should exclude the statements of other IRS employees because those portions of the notes are completely unreliable.

---

[23] "[Rule 803] proceeds upon the theory that under appropriate circumstances a hearsay statement may possess circumstantial guarantees of trustworthiness sufficient to justify nonproduction of the declarant in person at the trial even though he may be available." Fed. R. Evid. 803 advisory committee's notes (1972 Proposed Rules).

[24] Fed. R. Evid. 805 (requiring that "hearsay within hearsay" must conform to an exception to be admissible).

## CONCLUSION

For all of the above reasons, the United States asks the Court to exclude the Starke notes from evidence in this case. Moreover, even if admitted, the Starke notes should be accorded little or no weight for all of the same reasons articulated in this motion.

Respectfully submitted,

s/Michael S. Raum
MICHAEL S. RAUM
Attorney of Record
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 353-3922

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STUART J. BASSIN
Senior Litigation Counsel
JENNIFER P. WILSON
Trial Attorney

s/David Gustafson
Of Counsel

September 8, 2006