shareholder already in control for purposes of § 351 would not be a recognition event if Lessinger (discussed below) is right in not requiring an actual stock issuance in order for § 351 to apply. A contribution by a shareholder below that control line simply is not a realization event. . . . If the person making a contribution to capital is a shareholder, the contribution is ordinarily reflected in an increased basis for his stock.
IMPORTANT: The issue of the shareholder's basis, and several matters attending a contribution to capital, would be simplified considerably if contributions were treated as constructive § 351 exchanges for stock. At least in the case of contributions by sole shareholders, this now seems to be the recognized view. See [authorities cited, including RR 64-155, 1964-1 C.B. 138, and Lessinger]. As a consequence, not only is § 358 applicable to the determination of the shareholder's stock basis, if the contributed property is subject to debt, but §§ 357(b) and (c) would also apply.

Penico pointed out a law review article to me: Coven, Liabilities in Excess of Basis: Focht, § 357(c)(3), Assignment of Income, 58 Oregon Law Review (1979).

RR-writing thoughts.

- Mention statement in that RR that the § 357(c) interpretation of "liability" does not necessary extend anywhere else.
  - RR 80-199, 1980-2 C.B. 122: announces IRS will follow Focht, not Bongiovanni. Says its interpretation of "liability" applies only in § 351 regime, not elsewhere.
- Mere capital contribution.
  - If we write the RR indiscriminately, we might be tacitly admitting that we accept Lessinger's holding that a mere capital contribution without receiving stock back qualifies under § 351, even where the shareholder is not the sole shareholder.
- Contribution as triggering event.
  - Would not want to give the issue away by implication if we had any chance of winning.
- Sale v. § 351.
  - Is it possible this is a sale and not a § 351 transaction; are we conceding it one way or the other?
    - B&E ¶ 3.4[1]: shareholders, even controlling shareholders, can make bona fide sales to their corporations. . . . If § 351 applies, the corporation must carry over the transferor's basis, but, if the transaction is a sale, the corporation's basis is the corporation's cost.
    - B&E ¶ 3.4[2].
      - If property is to be transferred to a controlled corporation solely for stock, it is difficult to see how the parties can avoid the application of § 351(a).
      - More commonly, transferors attempt to alter the tax consequences of a § 351 exchange by dividing what is really one § 351 exchange into a sale of some of the property for cash or other property and a transfer of the balance for stock. If the two steps are integral parts of a single transaction (a factual issue), the division will not be respected, and the transaction will instead be treated as a unitary § 351 exchange with boot.
    - B&E ¶ 3.14[3].
      - [IMPORTANT: On the other hand, if the property is transferred to a controlled corporation solely for cash or property and is not part of a related § 351 exchange, the transfer seemingly cannot qualify under either § 351(a) (which requires that the sole consideration be stock) or § 351(b) (which permits the receipt of boot, but only if the

010816

21

IRS-CC-000289

transferor has also received stock).] Of course, if the payment consists of purported corporate debt that instead is classified as equity, § 351 will apply.

It would be perilous, however, to assume that a transaction falling outside § 351 is necessarily a sale merely because it bears that label. [IMPORTANT: For example, if property is transferred to a controlled corporation solely for cash, § 351 is inapplicable for the reasons stated above; but the taxpayer still may have to establish that the transfer is a sale rather than a contribution of the property to capital coupled with a distribution of the cash. Moreover, contributions to capital by 100% shareholders have been held to be § 351 exchanges.] Since such cases have involved payment for the stock in the form of debt assumption by the corporation, [IMPORTANT: it would be a small additional step to convert a nominal sale by a 100% shareholder to the shareholder's corporation into a § 351 exchange with boot or a contribution to capital coupled with a distribution. The risk of boot is not so great, however, since the gain (but not loss) recognition and basis consequences should be the same either way. Treating the entire receipt as a distribution could be much more damaging to the shareholder.]

B&E ¶ 3.14[4]: Attempts to Avoid Sale Treatment [taxpayer preferring § 351].

The authorities B&E discusses deal with § 351 transaction as first of several steps in a plan in which taxpayer later, e.g., receives therefor a small interest in a bigger corporation.

Possible dividend treatment.

B&E ¶ 3.16: Transfer Under § 351 v. Dividend.

The regulations under § 351 suggest the possibility that a distribution by a corporation of the corporation's stock or security "in connection with an exchange subject to § 351(a)" may have "the effect of the distribution of a taxable dividend". See also § 358(a)(1)(B)(i), which provides for the possibility of a stock basis adjustment when a dividend is received in a § 351 exchange. Although this part of the regulations (§ 1.301-1(j)) does not identify the circumstances under which such a distribution might occur, there are at least the following possibilities. (1) A transfer of property to an existing controlled corporation in exchange for stock having a value greater than the property transferred. The excess value might be treated as a distribution under § 301. (2) A mere reincorporation transaction. (3) A transfer of stock of an affiliated corporation in a transaction covered by § 304. In surrounding of the possibility that a dividend may occur in conjunction with a § 351 exchange, the regulations speak only of a distribution of stock or securities. It is equally possible, however, that a distribution of money or other property would, in the circumstances described above, be taxed as a dividend under § 301 rather than as boot under § 351(b), even though the distribution is coupled with the receipt of stock.

If it is not a "liability", could it still somehow be taxable.

Or does the § 357(c) describe the full universe of taxation in § 351 respecting assumed obligations?

Could not it also be "other property", the issue indeed addressed in the Type C RR? Both § 351 and the Type C boot relaxation rule both speak of "other property".

Penico's question what happens if the broker tears up the replacement obligation.

010817

22

IRS-CC-000290

Perhaps § 108(e)(5) would apply.

"Purchase-money debt reduction for solvent debtor treated as price reduction. If (A) the debt of a purchaser of property to the seller of such property which arose out of the purchase of such property is reduced, (B) such reduction does not occur (i) in a title 11 case, or (ii) when the purchaser is insolvent, and (C) but for this paragraph, such reduction would be treated as income to the purchaser from the discharge of indebtedness, that such reduction shall be treated as a purchase price adjustment."

The problem is the earlier short-sale holding that the replacement obligation is not debt. On the other hand, in that case, how can any cancellation-of-indebtedness arise from forgiveness of the replacement obligation? § 108 operates on "indebtedness".

There is another exception that would apply where deductions are lost, but we are not talking about deductions.

§ 108(e)(2): Income not realized to extent of lost deductions. No income shall be realized from the discharge of indebtedness to the extent that payment of the liability would have given rise to a deduction.

Anti-abuse rules.

In addition to § 267, see Higgins v. Smith, 308 U.S. 473 (1940), disallowing a claimed loss on a sale by a shareholder to his wholly owned corporation, which creates the possibility that some losses not automatically disallowed by § 267 will nonetheless be held nondeductible after a judicial appraisal of all the facts. Fn. 334, B&E.

§ 357(b) anti-abuse rule.

Should we not caveat the ruling by saying the all-or-nothing rule of § 357(b) may apply if it is a liability?

How can it apply if a "liability" not involved? But did similar case law precede § 357(b)?

What are all the tax consequences to the corporation when it carries out the rest of the short-sale transaction?

Would there be ridiculous results if the assumption of the obligation were not a "liability"?

Assignment of income trigger, etc.

So what if it is a mark-to-market event; the abuse is still there and § 357(c) would still operate in the same way if we wrote the RR, would it not? We still might want to note in the RR that there may be mark-to-market upon the contribution.

B&E ¶ 3.17: Midstream Transfers of Potential Income and Related Issues.

¶ 3.17[1]: In General.

The taxpayer must contend with the possibility that the statutory provision for nonrecognition of gain is subordinate in certain cases (1) to such basic doctrines as the assignment of income doctrine and the tax-benefit principle; (2) to the IRS's statutory authority under §§ 446(b) and 482 to require a different accounting method or an allocation of income and deductions in order to "clearly reflect income"; or (3) to more specific rules that can trigger income recognition. When applicable, these rules require the transferors to take certain items into account in their own return, rather than shifting that burden to the transferee corporation. Although these principles should not be permitted to frustrate the Congressional desire to facilitate the incorporation of going businesses by enacting § 351's rule of nonrecognition of gain or loss, it is equally unreasonable to assume that § 351



23

transcends all other statutory and judicial principles of tax liability.

¶ 3.17[2]: Assignment of Income.

Despite § 351, and in reliance on such cases as Lucas v. Earl and Helvering v. Horst and on the view that the exchange itself was not being taxed in contravention of § 351(a), (1) a taxpayer transferring a claim for personal services has been taxed when the transferee corporation collected the amount due; (2) an effort to transfer growing crops to a newly formed corporation has been treated as a failed attempt to assign the proceeds of sale; and (3) a shareholder who canceled his claim for unpaid salary against a controlled corporation in exchange for corporation's stock was held to have disposed of the claim for value. The cases described above are more the exception than the rule, however. As to the normal case involving a transfer in the ordinary course of business, the IRS appropriately has ruled that the function of § 351 would be frustrated if cash-method transferors were routinely taxed on the accounts receivable of a going business when the enterprise is incorporated. Thus, the assignment of income doctrine is not applicable if there is no tax avoidance purpose for the transaction. Assuming a business purpose, the accounts receivable generate income when collected by the transferee corporation, just as the accounts payable generate deductions when paid.

¶ 3.17[3]: Reallocations Under § 482.

§ 482 authorizes the IRS to allocate income, deductions, and other tax items between two or more businesses under common control if necessary to clearly reflect their respective incomes. § 482 is not limited to post-incorporation transactions; it can be applied to affect the division of income or loss that would otherwise be dictated by the § 351 (or § 118) transfer of income-producing or loss-producing property. Thus, application of § 482 does not contravene the nonrecognition rules, because it does not trigger gain or loss recognition upon the exchange. For power to invoke § 482 in § 351 transactions, see § 1.482-1(d)(5), citing National Sec. Corp. vs. CIR (loss on asset sold by subsidiary was allocated between parent and subsidiary on the basis of FMV at time of § 351 exchange); Foster v. CIR (extensive analysis supporting conclusion that § 482 can be applied to a § 351 transaction, even to the extent of attributing post-§ 351 appreciation gain recognized by the transferee corporation on the sale of developed lots because transferor provided for the continued development through a municipal corporation that it controlled). Its application can be based either on lack of business purpose for the exchange, or for the selection of assets and liabilities included in the exchange (and thus a purpose to evade taxes), or on lack of clear reflection of income, or on both. It can result in division of appreciation or depreciation based on the FMV at the time of the exchange, or it can impute subsequent economic gain to the transferor. . . . Sometimes application of § 482 is assisted or accompanied by a substance-over-form inquiry sparked by uncertainty about who actually sold an asset. See [case

cited] (taxpayer failed to prove property was transferred to corporation before property was sold). Reallocation, therefore, may occur even though the transferors do not engage in business transactions with the corporation thereafter, and the corporation, being newly created, had no earlier transactions with the transferors--that is, § 482's requirement of two or more related businesses is satisfied by the fact that the related parties conducted two businesses in the same taxable year, even though the first terminated when the second began.

¶ 3.17[4]: Proper Accounting Method Under § 446(b).
¶ 3.17[5]: Tax-Benefit Rule and Related Problems.
¶ 3.17[6]: Business Purpose, Step Transactions, and Other Principles.

Not surprisingly, the principle that a transaction may be disregarded or recast by the government if it lacks a business purpose applies to § 351 transactions, albeit with an apparently low standard of business purpose. See Caruth v. U.S.; RR 55-36 (no business purpose to incorporate stock for stock and debt securities of a new corporation and then give newly issued stock to charity and have charity liquidate the new corporation to obtain the original stock). Earlier opinions indicating that a business purpose is not required for § 351 to apply are suspect. For example, the transfer to a second corporation controlled by the transferors of stock on which a large dividend is about to be paid may be disregarded (at least by the IRS), with the result that the dividend is taxable to the individual transferors if the purpose of the transaction was, for example, qualifying the dividend for the dividends-received deduction allowed to corporate shareholders and was not a business purpose. In the same vein, a transfer of property to a corporation with no purpose other than to prepare for a sale or exchange of the stock in the hope of attaining back-to-back nonrecognition exchanges (or of reporting capital gain thereon) may be disregarded, in which event the transaction will be treated as a direct sale of the property itself. Alternatively, the sale of the property by the corporation may be attributed to the shareholder under principles stemming from the Court Holding Co. decision.

¶ 3.17[7]: Consequences of Separate Entity Status.

Consolidated returns.

Should I give any consideration to how things would play out between P and S filing consolidated?

Analysis of places word "liability" used in subchapter C and affiliated group code sections.

What §§ library computer search kicked out.

§ 304(b)(3)(B) and (C).

§ 304: Redemption through use of related corporations.

§ 304(b): Special rules for application of subsection (a).

§ 304(b)(3): Coordination with § 351.

§ 304(b)(3)(A): Property treated as received in redemption. Except as otherwise provided in this ¶, sub-§ (a) (and not § 351 and not so much of §§ 357 and 358 as relates to § 351) shall apply to any property received in a distribution described in sub-§ (a).

010820

25

§ 304(b)(3)(B): Certain assumptions of liabilities, etc.

(i) In general. In the case of an acquisition described in § 351, sub-§ (a) shall not apply to any liability--(I) assumed by the acquiring corporation, or (II) to which the stock is subject, if such liability was incurred by the transferor to acquire the stock. For purposes of the preceding sentence, the term "stock" means stock referred to in ¶ (1)(B) or (2)(A) of sub-§ (a).

(ii) Extension of obligations, etc. For purposes of clause (i), an extension, renewal, or refinancing of a liability which meets the requirements of clause (i) shall be treated as meeting such requirements.

(iii) Clause (i) shall not apply to stock acquired from related person except where complete termination. Clause (1) shall not apply to stock acquired by the transferor from a person--(I) none of whose stock is attributable to the transferor under § 318(a) (other than ¶ (4) thereof), or (II) who satisfies rules similar to the rules of § 302(c)(2) with respect to both the acquiring and the issuing corporations (determined as if such person were a distributee of each such corporation).

Analysis.

§ 304 rules.

§ 304 directly.

§ 304: (i) Acquisition by corporation other than subsidiary: treated as distribution in redemption of stock of corporation acquiring such stock; to the extent that such distribution is treated as a distribution to which § 301 applies, the stock is treated as received by the acquiring corporation as a contribution to capital; (ii) Acquisition by subsidiary of issuing corporation: treated as distribution in redemption of stock of the issuing corporation.

Corporate basis.

If contribution to capital.

Per § 362 a corporation's basis in property contributed to capital is the shareholder's basis plus any gain [but not dividend, B&E ¶ 9.09[4][d]] the shareholder recognizes. As a result, seller's basis in stock of the acquirer increases by the amount of

010821

26

the basis of the stock sold (or, if it owns no stock directly in the acquirer, in its stock in the issuer). Code; B&E ¶ 9.09[4][d].

If not contribution to capital.

The acquirer gets a cost basis (and always so with a purchase by a subsidiary). B&E ¶ 9.09[4][d].

Scenario, where the special liability rule in § 304 applies.

If it is a "liability" and the § 351 exception applies, the shareholder does not get a basis boost under § 351, and the corporation gets a carryover basis in the stock.

[This seems like a strained possibility: a corporation redeems stock of a related corporation borrowed from a broker, in provides replacement stock to the broker?] Taxpayer borrows stock from broker to qualify for redemption of that stock by corporation. Corporation redeems the stock in return for its taking on the replacement obligation to the broker. If the replacement obligation is not a "liability", query, what is the effect on the shareholder under § 304? If it is a "liability", then it would seem OK to let this provision in § 304 operate; that is probably consistent with Congressional intent. In short, it would seem OK to treat this as a liability.

Where the special § 304 rule re liabilities does not apply.

If it is a "liability" and the § 351 exception does not apply, it could only tax the shareholder more, though may boost the acquirer's basis in the stock.

Outside the scope of this provision, calling it a "liability" would not seem to prejudice the government under § 304. If the short sale were of unrelated stock, and the corporation merely assumed the replacement obligation in return for redemption of an affiliate's stock, it certainly would not hurt the government to have this called a "liability".

<u>§ 311(b)(2)</u>.

§ 311(b)(2): <u>Distributions of appreciated property</u>. (1) <u>In general</u>. . . . . (2) <u>Treatment of liabilities</u>. Rules similar to the rules of § 336(b) shall apply for purposes of this sub-§.

§ 336(b): <u>Treatment of liabilities</u>. If any property distributed in the liquidation is subject to a <u>liability</u> or the shareholder assumes a <u>liability</u> of the liquidating corporation in connection with the distribution, for purposes of sub-§ (a) and § 337, the FMV of such property shall be treated as not less than the amount of such <u>liability</u>.

<u>Analysis</u>.

Scenario.

Corporation distributes short-sale cash and the replacement obligation to its shareholder. Maybe it affects whether the shareholder has a dividend and E&P is pulled down.

Corporation distributes the replacement obligation and appreciated property (i.e., not the cash). We would probably want it to be a liability, to invoke

§ 336(b), but would that cut the size of the dividend (could the shareholder have judged the taxable amount reduced anyway?).

§ 312(c).

§ 312: Effect on E&P.

§ 312(c): Adjustments for liabilities. In making the adjustments to E&P of a corporation under subsection (a) or (b), proper adjustment shall be made for--(1) the amount of any liability to which the property distributed is subject, and (2) the amount of any liability of the corporation assumed by a shareholder in connection with the distribution.

Analysis.

We would be happy with "liability" treatment: we would not want E&P reduced by the amount of short-sale cash proceeds distributed. (Note also that if a short-sale replacement obligation does not constitute indebtedness under § 103 it probably probably does not under § 108 either.)

§ 336(b).

§ 336(b): Treatment of liabilities. If any property distributed in the liquidation is subject to a liability or the shareholder assumes a liability of the liquidating corporation in connection with the distribution, for purposes of sub-§ (a) and § 337, the FMV of such property shall be treated as not less than the amount of such liability.

Analysis.

See under § 311(b)(2) above.

§ 338(b)(2).

§ 338(b): Basis of assets after deemed purchase.

§ 338(b)(1): In general. For purposes of sub-§ (a), the assets of the target corporation shall be treated as purchased for an amount equal to the sum of--(A) the grossed-up basis of the purchasing corporation's recently purchased stock, and (B) the basis of the purchasing corporation's nonrecently purchased stock.

§ 338(b)(2): Adjustment for liabilities and other relevant items. The amount described in ¶ (1) shall be adjusted under regulations prescribed by the Secretary for liabilities of the target corporation and other relevant items.

Analysis.

B&E ¶ 10.43[2][c]: AGUB (this determines the "new" corporation's basis in assets) must be increased to reflect the target corporation's liabilities. This adjustment is needed because the stock price reflects only the net value of the corporate assets, and the purchasing corporation effectively takes the target subject to its liabilities. Under the regulations, AGUB includes the target's bona fide liabilities as of the beginning of the day after the acquisition date if these liabilities would have been included in basis had the target acquired the assets from an unrelated person and, as part of this hypothetical acquisition, the target had assumed (or had taken the assets subject to) the liabilities. Speculative or contingent liabilities of the seller that the buyer assumes do not initially qualify for inclusion in AGUB, but they can be

010823

28

IRS-CC-000296

taken into account if and when they become fixed and determinable.

This "liability" result seems unfavorable to the government, but is probably a price we are probably willing to pay.

§ 338(h)(11).

"Elective formula for determining FMV. For purposes of sub-§ (a)(1), FMV may be determined on the basis of a formula provided in regulations prescribed by the Secretary which takes into account liabilities and other relevant items."

Analysis.

Per B&E ¶ 10.42[1][b], this election enters into calculation of the deemed sales price ("ADSP": aggregate deemed sales price), i.e., affecting gain or loss on the deemed sale. [Apparently] the election is permitted in order to bring the result closer to that got for the "new" corporation's basis under § 338(b)(2) (above).

§ 351(g).

§ 351(g): Cross references.

§ 351(g)(1): For special rule where another party to the exchange assumes a liability, or acquires property subject to a liability, see § 357.

§ 355(c)(2).

§ 355(c): Taxability of corporation on distribution.

§ 355(c)(1): In general. Except as provided in ¶ (2), no gain or loss shall be recognized to a corporation on any distribution to which this section (or so much of § 356 as relates to this section) applies and which is not in pursuance of a plan of reorganization.

§ 355(c)(2): Distribution of appreciated property.

§ 355(c)(2)(A): In general. If--(i) in a distribution referred to in ¶ (1), the corporation distributes property other than qualified property, and (ii) the FMV of such property exceeds its adjusted basis (in the hands of the distributing corporation), then gain shall be recognized to the distributing corporation as if such property were sold to the distributee at its FMV.

§ 355(c)(2)(B): Qualified property. For purposes of sub-¶ (A), the term "qualified property" means any stock or securities in the controlled corporation.

§ 355(c)(2)(C): Treatment of liabilities. If any property distributed in the distribution referred to in ¶ (1) is subject to a liability or the shareholder assumes a liability of the distributing corporation in connection with the distribution, then, for purposes of sub-¶ (A), the FMV of such property shall be treated as not less than the amount of such liability.

Analysis.

Where Distributing distributes non-qualifying property subject to a liability, in measuring its gain the property's FMV shall be not less than the liability. Certainly "liability" treatment in the RR could only help the IRS (e.g., if other property than cash were distributed and the shareholder assumed a short-sale replacement obligation).

§ 357.

010824

29

IRS-CC-000297

[See Code.]

§ 358(d).

§ 358: Basis to distributees.

§ 358(a): General rule. In the case of an exchange to which § 351, 354, 355, 356, or 361 applies--

§ 358(a)(1): Nonrecognition property. The basis of the property permitted to be received under such section without the recognition of gain or loss shall be the same as that of the property exchanged--(A) decreased by--(i) the FMV of any other property (except money) received by the taxpayer, (ii) the amount of any money received by the taxpayer, and (iii) the amount of loss to the taxpayer which was recognized on such exchange, and (B) increased by--(i) the amount which was treated as a dividend, and (ii) the amount of gain to the taxpayer which was recognized on such exchange (not including any portion of such gain which was treated as a dividend).

§ 358(a)(2): Other property. The basis of any other property (except money) received by the taxpayer shall be its FMV.

§ 358(d): Assumption of liability.

§ 358(d)(1): In general. Where, as part of the consideration to the taxpayer, another party to the exchange assumed a liability of the taxpayer or acquired from the taxpayer property subject to a liability, such assumption or acquisition (in the amount of the liability) shall, for purposes of this section, be treated as money received by the taxpayer on the exchange.

§ 358(d)(2): Exception. Paragraph (1) shall not apply to the amount of any liability excluded under § 357(c)(3).

Analysis.

This is the very result we want under § 351. Re the other covered sections, all this provision does (to the extent of liabilities) is reduce basis; but for §§ 351, 355, 361 etc., per Crane the liability would otherwise create amount realized; the break is that it only cuts basis.

§ 361(c)(2)(C).

§ 361: Nonrecognition of gain or loss to corporations; treatment of distributions.

§ 361(a): General rule. No gain or loss shall be recognized to a corporation if such corporation is a party to a reorganization and exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

§ 361(b): Exchanges not solely in kind. . . .

§ 361(c): Treatment of distributions.

§ 361(c)(1): In general. Except as provided in paragraph (2), no gain or loss shall be recognized to a corporation a party to a reorganization on the distribution to its shareholders of property in pursuance of the plan of reorganization.

§ 361(c)(2): Distributions of appreciated property.

010825

30

§ 361(c)(2)(A): In general. If--(i) in a distribution referred to in paragraph (1), the corporation distributes property other than qualified property, and (ii) the FMV of such property exceeds its adjusted basis (in the hands of the distributing corporation), then gain shall be recognized to the distributing corporation as if such property were sold to the distributee at its FMV.

§ 361(c)(2)(B): Qualified property. For purposes of this subsection, the term "qualified property" means--(i) any stock in (or right to acquire stock in) the distributing corporation or obligation of the distributing corporation, or (ii) any stock in (or right to acquire stock in) another corporation which a party to the reorganization or obligation of another corporation which is such a party if such stock (or right) or obligation is received by the distributing corporation in the exchange.

§ 361(c)(2)(C): Treatment of liabilities. If any property distributed in the distribution referred to in paragraph (1) is subject to a liability or the shareholder assumes a liability of the distributing corporation in connection with the distribution, then, for purposes of subparagraph (A), the FMV of such property shall be treated as not less than the amount of such liability.

§ 361(c)(4): Coordination with other provisions. § 311 . . . shall not apply to any distribution referred to in paragraph (1).

Analysis:

§ 361(c)(2)(C) is merely the corollary to § 336(b).

§ 368(a)(1)(C).

§ 368(a)(1)(C): [The term "reorganization" means--] the acquisition by one corporation, in exchange solely for all or a part of its voting stock (or in exchange solely for all or a part of the voting stock of a corporation which is in control of the acquiring corporation), of substantially all of the properties of another corporation, but in determining whether the exchange is solely for stock the assumption by the acquiring corporation of a liability of the other, or the fact that property is acquired subject to a liability, shall be disregarded; . . . .

Analysis.

This is unfavorable, but the RR I found under Type C suggests we will live with it.

§ 368(a)(2)(B).

§ 368(a)(2)(B): Additional consideration in certain paragraph (1)(C) cases. If (i) one corporation acquires substantially all of the properties of another corporation, (ii) the acquisition would qualify under paragraph (1)(C) but for the fact that the acquiring corporation exchanges money or other property in addition to voting stock, and (iii) the acquiring corporation acquires, solely for voting stock described in paragraph (1)(C), property of the other corporation having a FMV which is at least 80% of the FMV of all of the property

010826

31

of the other corporation, then such acquisition shall (subject to subparagraph (A) of this paragraph) be treated as qualifying under paragraph (1)(C). Solely for the purpose of determining whether clause (iii) of the preceding sentence applies, the amount of any liability assumed by the acquiring corporation, and the amount of any liability to which any property acquired by the acquiring corporation is subject, shall be treated as money paid for the property.

Analysis.

This is unfavorable, but the RR I found under Type C suggests we will live with it.

§ 381(c)(9).

§ 381(c): Items of the distributor or transferor corporation [that carry over]. The items referred to in subsection (a) are:

§ 381(c)(9): Amortization of bond discount or premium. If the acquiring corporation assumes liability for bonds of the distributor or transferor corporation issued at a discount or premium, the acquiring corporation shall be treated as the distributor or transferor corporation after the date of distribution or transfer for purposes of determining the amount of amortization allowable or includible with respect to such discount or premium.

Analysis.

This addresses assumption of liabt under bonds with discount or premium: irrelevant.

§ 381(c)(16)(A) and (B).

"Certain obligations of a distributor or transferor corporation. If the acquiring corporation--(A) assumes an obligation of the distributor or transferor corporation which, after the date of the distribution or transfer, gives rise to a liability, and (B) such liability, if paid or accrued by the distributor or transferor corporation, would have been deductible in computing its taxable income, the acquiring corporation shall be entitled to deduct such items when paid or accrued, as the case may be, as if such corporation were the distributor or transferor corporation. A corporation which would have been an acquiring corporation under this section if the date of distribution or transfer had occurred on or after the effective date of the provisions of this subchapter applicable to a liquidation or reorganization, as the case may be, shall be entitled, even though the date of distribution or transfer occurred before such effective date, to apply this paragraph with respect to amounts paid or accrued in taxable years beginning after 12/31/53, on account of such obligations of the distributor or transferor corporation. This paragraph shall not apply if such obligations are reflected in the amount of stock, securities, or property transferred by the acquiring corporation to the transferor corporation for the property of the transferor corporation."

Analysis.

Where the transferor had an obligation that is transferred and that after the transfer gives rise to a liability, payment of which would have given the transferor a deduction, the transferee shall get a deduction. This is not relevant to short sales, as fulfilling the replacement obligation would not give rise to a deduction.

§ 383(a)(1).

§ 383: Special limitations on certain excess credits, etc.

§ 383(a): Excess credits.

§ 383(a)(1): In general. Under regulations, if an ownership change occurs with respect to a corporation, the amount of any excess credit for any taxable year which may be used in any post-change year shall be limited to an amount determined on the basis of the tax liability which is attributable to so much of the taxable income as does not exceed the § 382 limitation for such post-change year to the extent available after the application of § 382 and subsections (b) and (c) of this section.
§ 383(a)(2): [Excess credits mean unused general business credit under § 39 and minimum tax credit under § 53.]

Analysis: the reference is to tax liability.

§ 1502.

[Refers only to liability for income taxes.]

Analysis: the reference is to tax liability.

Sketching out full taxation of the sort of example we might use in the Rev. Rul.

Rooney example.

P wants to sell low-basis, high-value subsidiary. P increases its basis in the subsidiary by engaging in a short sale, contributing the cash plus the short sale obligation to the subsidiary (resulting in no net economic effect to the subsidiary), and taking the position that the subsidiary's basis is increased by the cash but not reduced by the short sale obligation. We need to publish a ruling saying that the short sale liability must be taken into account for purposes of determining P's basis in the subsidiary stock.

Concocting my suggested regulations example.

Taxation.

Current.

Shareholder taxation.

§ 357(c).

At contribution, replacement securities cost same as cash proceeds contributed.

No § 357(c) gain. (If § 357(b) applied, presumably no change unless other liabilities are assumed and properties transferred to the corporation in the transaction.)

Shareholder stock basis: No change in stock basis.

Corporation basis in assets: basis in cash is face value.

At contribution, replacement securities cost more than cash proceeds contributed.

Taxation of excess.

Shareholder stock basis: no net change in stock basis (down for liability assumed, up for gain realized).

Corporate basis in asset: query: how can you effect the increase for shareholder gain recognized here (maybe actual treatment is in the nature of a dividend).

010828

33

At contribution, replacement securities cost less than cash proceeds contributed.

Shareholder stock basis: rises by spread.

Corporate basis in assets: face amount of cash.

Later.

Corporation buys and delivers replacement securities.

Effects on shareholder.

Who shall we tax on the short sale?

Otherwise, no effect when obligation fulfilled.

Effects on corporation.

Supplying securities merely results in closing, and taxation, of the short sale (unless shareholder taxed on short-sale gain or loss).

Broker cancels replacement obligation.

No debt cancelation, because no debt. Probably just very big short-sale gain.

Text.

ISSUE.

Is a corporation's assumption of its shareholder's obligation to provide replacement securities to a broker pursuant to a short sale the assumption of a liability for purposes of § 357 of the Internal Revenue Code?

FACTS.

Corporation P owns all the outstanding shares in corporation S. P enters into a short sale of ABC securities on a national securities exchange. P's broker-dealer takes securities of hand and sells them on P's behalf. P leaves the cash proceeds of 100 dollars from the sale with the broker-dealer as collateral and deposits additional cash as further collateral with the broker-dealer. P is obligated to deliver identical ABC securities to close out the short sale. Thereafter, P contributes the 100 dollars of sale proceeds on deposit with the broker-dealer, though not the additional deposited cash, to the capital of S. All the cash remains deposited with the broker as collateral. S assumes the obligation of P to deliver identical ABC securities to close out the short sale.

LAW AND ANALYSIS.

Section 357(c) provides that in a § 351 exchange if the sum of the liabilities assumed plus the amount of the liabilities to which the transferred property is subject exceeds the total adjusted basis of the property transferred, then the excess is gain to the transferring shareholder.

A short sale creates an obligation on the part of the seller to return the borrowed securities. See, e.g., Deputy v. du Pont, 308 U.S. 488, 497-98 (1940), 1940-1 C.B. 118 (a short sale creates an obligation although not an indebtedness).

Therefore, S's assumption of the obligation of P to deliver identical ABC securities to close out the short sale constitutes assumption of a liability for purposes of § 357(c).

HOLDING.

S's assumption of assumption of the obligation of P to deliver identical ABC securities to close out the short sale constitutes assumption of a liability for purposes of § 357(c).

010829

34

A transfer of proceeds of a short sale of securities to a corporation along with the corporation's assumption of the obligation to deliver other securities to close out the short sale may not be effective to shift taxation of any short sale gain from the shareholder to the corporation. Also, should the amount of the liability the corporation assumes exceed the amount of cash transferred by the shareholder to the corporation, the excess may be taxable as a dividend rather than as gain from the sale or exchange of an asset.

Under some circumstances, a corporation's assumption of the obligation to deliver securities to close out a short sale entered into by a shareholder may have a principal purpose to avoid Federal income tax, or, if not such a purpose, not a bona fide business purpose, within the meaning of § 357(b).

For an analysis relating to whether a partnership's obligation to deliver replacement securities to close out a short sale constitutes a partnership liability under § 752, see Rev. Rul. __-__, 1995-__ I.R.B. ___.

For an analysis relating to whether short sale transactions give rise to unrelated business taxable income under § 512, see Rev. Rul. 95-8, 1995-4 I.R.B. 29.

DRAFTING INFORMATION:

The principal author of this revenue ruling is ____________ of the Office of the Assistant Chief Counsel (Corporate). For further information regarding this revenue ruling, contact ____________ at (202) 622-_____ (not a toll-free call).

Preparation for front-office presentation.

- Prelude.
  - Authorities to date.
    - RR 88-77.
      - Stated that § 752 liabilities include an obligation to extent it increases basis of partnership assets.
      - The obligations there were, e.g., cash-basis interest.
      - § 357(c)(3) recently enacted; its legislative history said similar results should obtain respecting § 752. Hence, perhaps, we were asked to check corporate law.
    - Consideration of authorities for the short-sale partnership ruling.
      - Deputy v. du Pont, 308 U.S. 488, 497-98 (1940), held is short sale created an obligation but not indebtedness for purposes of predecessor of § 163.
      - EBEO issued RR 95-8: short sale income is not UBTI, because no "indebtedness".
      - Respecting options.
        - Treasury thinks the economic result is reached by buying a deep-in-the-money put, and wants the same tax result, does not want adverse selection.
        - P&SI has apparently fought extending its RR from short sales to options; cites partnership authorities apparently to contrary.
      - § 381(c)(16) itself refers to difference between "obligations" and "liabilities".
- As I understood my task.
  - Taken as given that §§ 357 and 752 are close, asked to find any corporate area authority.
  - Checked case annotations under all sections (subchapter C, affiliated) where "liability" used.

010830

35

IRS-CC-000303

Checked secondary authorities for discussion of meaning of "liability" in subchapter C area.
Reviewed all aspects of § 351.
Drafted the RR, thought out the taxation under §§ 351, 357 etc.
Considered all other subchapter C and affiliated Code sections where "liability" used to see what adverse or positive affect for the government our RR could have.

RR 80-199, 1980-2 C.B. 122: announces IRS will follow Focht, not Bongiovanni. Says its interpretation of "liability" applies only in § 351 regime, not elsewhere.

What §§ library computer search kicked out.

§ 304(b)(3)(B) and (C).

§ 304: Redemption through use of related corporations.

§ 304(b): Special rules for application of subsection (a).

§ 304(b)(3): Coordination with § 351.

§ 304(b)(3)(A): Property treated as received in redemption. Except as otherwise provided in this ¶, sub-§ (a) (and not § 351 and not so much of §§ 357 and 358 as relates to § 351) shall apply to any property received in a distribution described in sub-§ (a).

§ 304(b)(3)(B): Certain assumptions of liabilities, etc.

(i) In general. In the case of an acquisition described in § 351, sub-§ (a) shall not apply to any liability-- (I) assumed by the acquiring corporation, or (II) to which the stock is subject, if such liability was incurred by the transferor to acquire the stock. For purposes of the preceding sentence, the term "stock" means stock referred to in ¶ (1)(B) or (2)(A) of sub-§ (a).

(ii) Extension of obligations, etc. For purposes of clause (i), an extension, renewal, or refinancing of a liability which meets the requirements of clause (i) shall be treated as meeting such requirements.

(iii) Clause (i) shall not apply to stock acquired from related person except where complete termination. Clause (1) shall not apply to stock acquired by the transferor from a person--(I) none of whose stock is attributable to the transferor under § 318(a) (other than ¶ (4) thereof), or (II) who satisfies rules similar to the rules of § 302(c)(2) with respect to both the acquiring and the issuing corporations (determined as if such person were a distributee of each such corporation).

Analysis.

010831

36

§ 304 rules.

§ 304 directly.

§ 304: (i) Acquisition by corporation other than subsidiary: treated as distribution in redemption of stock of corporation acquiring such stock; to the extent that such distribution is treated as a distribution to which § 301 applies, the stock is treated as received by the acquiring corporation as a contribution to capital; (ii) Acquisition by subsidiary of issuing corporation: treated as distribution in redemption of stock of the issuing corporation.

Corporate basis.

If contribution to capital.

Per § 362 a corporation's basis in property contributed to capital is the shareholder's basis plus any gain [but not dividend; B&E ¶ 9.09[4][d]] the shareholder recognizes. As a result, seller's basis in stock of the acquirer increases by the amount of the basis of the stock sold (or, if it owns no stock directly in the acquirer, in its stock in the issuer). Code; B&E ¶ 9.09[4][d].

If not contribution to capital.

The acquirer gets a cost basis (and always so with a purchase by a subsidiary). B&E ¶ 9.09[4][d].

Scenario, where the special liability rule in § 304 applies.

If it is a "liability" and the § 351 exception applies, the shareholder does not get a basis boost under § 351, and the corporation gets a carryover basis in the stock.

Where the special § 304 rule re liabilities does not apply.

If it is a "liability" and the § 351 exception does not apply, it could only tax the shareholder more, though may boost the acquirer's basis in the stock.

<u>§ 311(b)(2)</u>.

§ 311(b)(2): <u>Distributions of appreciated property</u>. (1) <u>In general</u>. . . . (2) <u>Treatment of liabilities</u>. Rules similar to the rules of § 336(b) shall apply for purposes of this sub-§.

§ 336(b): <u>Treatment of liabilities</u>. If any property distributed in the liquidation is subject to a <u>liability</u> or the shareholder assumes a <u>liability</u> of the liquidating corporation in connection with the distribution, for purposes of sub-§ (a) and § 337, the FMV of such property shall be treated as not less than the amount of such <u>liability</u>.

<u>Analysis</u>.

Corporation distributes short-sale cash and the replacement obligation to its shareholder. Maybe it affects whether the shareholder has a dividend and E&P is pulled down (if it is a liability, then probably not).

Corporation distributes the replacement obligation and appreciated property (i.e., not the cash). We would probably want it to be a liability, to invoke § 336(b), but would that cut

010832

37

the size of the dividend (could the shareholder have judged the taxable amount reduced anyway?).

§ 312(c).

§ 312: Effect on E&P.

§ 312(c): Adjustments for liabilities. In making the adjustments to E&P of a corporation under subsection (a) or (b), proper adjustment shall be made for--(1) the amount of any liability to which the property distributed is subject, and (2) the amount of any liability of the corporation assumed by a shareholder in connection with the distribution.

Analysis.

We would be happy with "liability" treatment: we would not want E&P reduced by the amount of short-sale cash proceeds distributed.

§ 336(b).

§ 336(b): Treatment of liabilities. If any property distributed in the liquidation is subject to a liability or the shareholder assumes a liability of the liquidating corporation in connection with the distribution, for purposes of sub-§ (a) and § 337, the FMV of such property shall be treated as not less than the amount of such liability.

Analysis.

See under § 311(b)(2) above.

§ 338(b)(2).

§ 338(b): Basis of assets after deemed purchase.

§ 338(b)(1): In general. For purposes of sub-§ (a), the assets of the target corporation shall be treated as purchased for an amount equal to the sum of--(A) the grossed-up basis of the purchasing corporation's recently purchased stock, and (B) the basis of the purchasing corporation's nonrecently purchased stock.

§ 338(b)(2): Adjustment for liabilities and other relevant items. The amount described in ¶ (1) shall be adjusted under regulations prescribed by the Secretary for liabilities of the target corporation and other relevant items.

Analysis.

B&E ¶ 10.43[2][c]: AGUB (this determines the "new" corporation's basis in assets) must be increased to reflect the target corporation's liabilities. This adjustment is needed because the stock price reflects only the net value of the corporate assets, and the purchasing corporation effectively takes the target subject to its liabilities. Under the regulations, AGUB includes the target's bona fide liabilities as of the beginning of the day after the acquisition date if these liabilities would have been included in basis had the target acquired the assets from an unrelated person and, as part of this hypothetical acquisition, the target had assumed (or had taken the assets subject to) the liabilities. Speculative or contingent liabilities of the seller that the buyer assumes do not initially qualify for inclusion in AGUB, but they can be taken into account if and when they become fixed and determinable.

This "liability" result seems unfavorable to the government, but is probably a price we are probably willing to pay.

010833

38

§ 338(h)(11).

"Elective formula for determining FMV. For purposes of sub-§ (a)(1), FMV may be determined on the basis of a formula provided in regulations prescribed by the Secretary which takes into account liabilities and other relevant items."

Analysis.

Per B&E ¶ 10.42[1][b], this election enters into calculation of the deemed sales price ("ADSP": aggregate deemed sales price), i.e., affecting gain or loss on the deemed sale. [Apparently] the election is permitted in order to bring the result closer to that got for the "new" corporation's basis under § 338(b)(2) (above).

§ 351(g).

§ 351(g): Cross references.

§ 351(g)(1): For special rule where another party to the exchange assumes a liability, or acquires property subject to a liability, see § 357.

§ 355(c)(2).

§ 355(c): Taxability of corporation on distribution.

§ 355(c)(1): In general. Except as provided in ¶ (2), no gain or loss shall be recognized to a corporation on any distribution to which this section (or so much of § 356 as relates to this section) applies and which is not in pursuance of a plan of reorganization.

§ 355(c)(2): Distribution of appreciated property.

§ 355(c)(2)(A): In general. If--(i) in a distribution referred to in ¶ (1), the corporation distributes property other than qualified property, and (ii) the FMV of such property exceeds its adjusted basis (in the hands of the distributing corporation), then gain shall be recognized to the distributing corporation as if such property were sold to the distributee at its FMV.

§ 355(c)(2)(B): Qualified property. For purposes of sub-¶ (A), the term "qualified property" means any stock or securities in the controlled corporation.

§ 355(c)(2)(C): Treatment of liabilities. If any property distributed in the distribution referred to in ¶ (1) is subject to a liability or the shareholder assumes a liability of the distributing corporation in connection with the distribution, then, for purposes of sub-¶ (A), the FMV of such property shall be treated as not less than the amount of such liability.

Analysis.

Where Distributing distributes non-qualifying property subject to a liability, in measuring its gain the property's FMV shall be not less than the liability. Certainly "liability" treatment in the RR could only help the IRS (e.g., if property other than cash were distributed and the shareholder assumed a short-sale replacement obligation).

§ 357.

[See Code.]

§ 358(d).

§ 358: Basis to distributees.

§ 358(a): General rule. In the case of an exchange to which § 351, 354, 355, 356, or 361 applies--

010834 39

§ 358(a)(1): Nonrecognition property. The basis of the property permitted to be received under such section without the recognition of gain or loss shall be the same as that of the property exchanged--(A) decreased by--(i) the FMV of any other property (except money) received by the taxpayer, (ii) the amount of any money received by the taxpayer, and (iii) the amount of loss to the taxpayer which was recognized on such exchange, and (B) increased by--(i) the amount which was treated as a dividend, and (ii) the amount of gain to the taxpayer which was recognized on such exchange (not including any portion of such gain which was treated as a dividend).

§ 358(a)(2): Other property. The basis of any other property (except money) received by the taxpayer shall be its FMV.

§ 358(d): Assumption of liability.

§ 358(d)(1): In general. Where, as part of the consideration to the taxpayer, another party to the exchange assumed a liability of the taxpayer or acquired from the taxpayer property subject to a liability, such assumption or acquisition (in the amount of the liability) shall, for purposes of this section, be treated as money received by the taxpayer on the exchange.

§ 358(d)(2): Exception. Paragraph (1) shall not apply to the amount of any liability excluded under § 357(c)(3).

Analysis.

This is the very result we want under § 351. Re the other covered sections. all this provision does (to the extent of liabilities) is reduce basis; but for §§ 351, 355, 361 etc., per Crane the liability would otherwise create amount realized; the break is that it only cuts basis.

§ 361(c)(2)(C).

§ 361: Nonrecognition of gain or loss to corporations; treatment of distributions.

§ 361(a): General rule. No gain or loss shall be recognized to a corporation if such corporation is a party to a reorganization and exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

§ 361(b): Exchanges not solely in kind. . . .

§ 361(c): Treatment of distributions.

§ 361(c)(1): In general. Except as provided in paragraph (2), no gain or loss shall be recognized to a corporation a party to a reorganization on the distribution to its shareholders of property in pursuance of the plan of reorganization.

§ 361(c)(2): Distributions of appreciated property.

§ 361(c)(2)(A): In general. If--(i) in a distribution referred to in paragraph (1), the corporation distributes property other than qualified property, and (ii) the FMV of such property exceeds its adjusted basis (in the

010835

40

IRS-CC-000308

hands of the distributing corporation), then gain shall be recognized to the distributing corporation as if such property were sold to the distributee at its FMV.

§ 361(c)(2)(B): Qualified property. For purposes of this subsection, the term "qualified property" means--(i) any stock in (or right to acquire stock in) the distributing corporation or obligation of the distributing corporation, or (ii) any stock in (or right to acquire stock in) another corporation which a party to the reorganization or obligation of another corporation which is such a party if such stock (or right) or obligation is received by the distributing corporation in the exchange.

§ 361(c)(2)(C): Treatment of liabilities. If any property distributed in the distribution referred to in paragraph (1) is subject to a liability or the shareholder assumes a liability of the distributing corporation in connection with the distribution, then, for purposes of subparagraph (A), the FMV of such property shall be treated as not less than the amount of such liability.

§ 361(c)(4): Coordination with other provisions. § 311 . . . shall not apply to any distribution referred to in paragraph (1).

Analysis.

§ 361(c)(2)(C) is merely the corollary to § 336(b).

§ 368(a)(1)(C).

§ 368(a)(1)(C): [The term "reorganization" means--] the acquisition by one corporation, in exchange solely for all or a part of its voting stock (or in exchange solely for all or a part of the voting stock of a corporation which is in control of the acquiring corporation), of substantially all of the properties of another corporation, but in determining whether the exchange is solely for stock the assumption by the acquiring corporation of a liability of the other, or the fact that property is acquired subject to a liability, shall be disregarded; . . . .

Analysis.

This is unfavorable, but the RR (determined in RR 68-637, 1968-2 C.B. 158, not to be boot but rather "no different than the assumption of a liability under any other executory contract") I found under Type C suggests we will live with it; GCM 34483 extended this to § 357(a).

§ 368(a)(2)(B).

§ 368(a)(2)(B): Additional consideration in certain paragraph (1)(C) cases. If (i) one corporation acquires substantially all of the properties of another corporation, (ii) the acquisition would qualify under paragraph (1)(C) but for the fact that the acquiring corporation exchanges money or other property in addition to voting stock, and (iii) the acquiring corporation acquires, solely for voting stock described in paragraph (1)(C), property of the other corporation having a FMV which is at least 80% of the FMV of all of the property of the other corporation, then such acquisition shall (subject to subparagraph (A) of this paragraph) be treated as qualifying under

010836

41

paragraph (1)(C). Solely for the purpose of determining whether clause (iii) of the preceding sentence applies, the amount of any liability assumed by the acquiring corporation, and the amount of any liability to which any property acquired by the acquiring corporation is subject, shall be treated as money paid for the property.

Analysis.

This is unfavorable, but the RR I found under Type C suggests we will live with it.

§ 381(c)(9).

§ 381(c): Items of the distributor or transferor corporation [that carry over]. The items referred to in subsection (a) are:

§ 381(c)(9): Amortization of bond discount or premium. If the acquiring corporation assumes liability for bonds of the distributor or transferor corporation issued at a discount or premium, the acquiring corporation shall be treated as the distributor or transferor corporation after the date of distribution or transfer for purposes of determining the amount of amortization allowable or includible with respect to such discount or premium.

Analysis.

This addresses assumption of liability under bonds with discount or premium: Irrelevant.

§ 381(c)(16)(A) and (B).

"Certain obligations of a distributor or transferor corporation. If the acquiring corporation--(A) assumes an obligation of the distributor or transferor corporation which, after the date of the distribution or transfer, gives rise to a liability, and (B) such liability, if paid or accrued by the distributor or transferor corporation, would have been deductible in computing its taxable income, the acquiring corporation shall be entitled to deduct such items when paid or accrued, as the case may be, as if such corporation were the distributor or transferor corporation. A corporation which would have been an acquiring corporation under this section if the date of distribution or transfer had occurred on or after the effective date of the provisions of this subchapter applicable to a liquidation or reorganization, as the case may be, shall be entitled, even though the date of distribution or transfer occurred before such effective date, to apply this paragraph with respect to amounts paid or accrued in taxable years beginning after 12/31/53, on account of such obligations of the distributor or transferor corporation. This paragraph shall not apply if such obligations are reflected in the amount of stock, securities, or property transferred by the acquiring corporation to the transferor corporation for the property of the transferor corporation."

Analysis.

Where the transferor had an obligation that is transferred and that after the transfer gives rise to a liability, payment of which would have given the transferor a deduction, the transferee shall get a deduction. This is not relevant to short sales, as fulfilling the replacement obligation would not give rise to a deduction.

§ 383(a)(1).

§ 383: Special limitations on certain excess credits, etc.

§ 383(a): Excess credits.

§ 383(a)(1): In general. Under regulations, if an ownership change occurs with respect to a corporation, the amount of any excess credit for any

010837

42

IRS-CC-000310

taxable year which may be used in any post-change year shall be limited to an amount determined on the basis of the tax liability which is attributable to so much of the taxable income as does not exceed the § 382 limitation for such post-change year to the extent available after the application of § 382 and subsections (b) and (c) of this section.

§ 383(a)(2): [Excess credits mean unused general business credit under § 39 and minimum tax credit under § 53.]

Analysis: the reference is to tax liability.

§ 1502.

[Refers only to liability for income taxes.]

Analysis: the reference is to tax liability.

Drafting issues.

Thought caveats in order.

Not concede that the transfer shifts short-sale taxation to corporation, e.g., if no business purpose.

§ 357(b).

Sole shareholder; no stock issued.

Made him sole shareholder, though no stock issued. We have pretty much conceded re Sol Lessinger that stock need not be issued to a sole shareholder to have § 351 apply.

"At least in the case of contributions by sole shareholders, this now seems to be the recognized view. See [authorities cited, including RR 64-155, 1964-1 C.B. 138, and Lessinger]."

§ 357 does not apply unless § 351 or 361 does. Otherwise it may be just a capital contribution. We could come out and say § 351 applies.

We might want to be clear that it is a dividend if liability exceeds cash: how would § 357(c)(1) apply?

Valuation.

My RR does not say how to value the liability. What if the cost of replacement securities has already shifted?

If the liability exceeds the cash, should there not be dividend? (That probably makes more sense under § 362, because only shareholder gain, not dividend, increases corporate asset basis (i.e., here, what asset?).

Forgiveness.

§ 108(e)(5).

Thought of two ways we might want to caveat the RR.

Assignment of income; more to market: if no business purpose.

Say it might violate § 357(b): but might count only for purposes of marking it to market or if there are other liabilities in the package.

010838

43

IRS-CC-000311

Filename: Short Sale--RCLS Log
Directory: G:\95-45 2 Print
Template: C:\WINNT\Profiles\noclrcs\Application Data\Microsoft\Templates\Normal.dot
Title: 752 short sale assistance
Subject:
Author: Richard C. L. Starke
Keywords:
Comments:
Creation Date: 7/10/2002 4:11 PM
Change Number: 2
Last Saved On: 7/10/2002 4:11 PM
Last Saved By: Starke Richard C
Total Editing Time: 1 Minute
Last Printed On: 7/10/2002 4:20 PM
As of Last Complete Printing
Number of Pages: 24
Number of Words: 12,622 (approx.)
Number of Characters: 66,901 (approx.)