*IN THE UNITED STATES COURT OF FEDERAL CLAIMS*

Nos. 04-1419 T & 05-1067 T

**(Judge Mary Ellen Coster Williams)**

K2 TRADING VENTURES, LLC,
NEW VISTA, LLC, TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**RESPONSE BY THE UNITED STATES TO PLAINTIFFS' MOTION TO SHIFT BURDEN OF PROOF TO THE UNITED STATES**

EILEEN J.O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
MICHAEL S. RAUM
STUART J. BASSIN
JENNIFER P. WILSON
JOSEPH B. SYVERSON
Attorneys
U.S. Department of Justice (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 353-3922
(202) 514-9440

## TABLE OF CONTENTS


Page

Response by the United States to Plaintiffs' Motion To Shift Burden of Proof to the United States. . . . . 1

Background. . . . . 2

I. Section 7491 Does Not Apply to the Issues Identified In Plaintiffs' Motion. . . . . 3

A. Plaintiffs have confused sham in fact with sham in substance in issues (1) and (5). . . . . 4

B. Plaintiffs' issues (2) and (3) are legal issues, not factual issues . . . . . 6

C. Plaintiffs' issue (4) is not a fact in dispute and, in any event, is not dispositive of the economic substance issues in this case. . . . . 8

D. Summary. . . . . 9

II. Plaintiffs Cannot Produce "Credible Evidence" Prior to Trial.. . . . . 9

III. Section 7491, If Applicable, Shifts the Burden of Proof on Discrete Factual Issues, Not on All Issues. . . . . 11

Conclusion. . . . . 13


## TABLE OF AUTHORITIES

**Cases:**


*ACM Partnership v. Commissioner*, 157 F.3d 231 (3d Cir. 1998). . . . . 4

*ASA Investerings Partnership v. Commissioner*, 201 F.3d 505 (D.C. Cir. 2000). . . . . 4, 5

*Abrahamsen v. United States*, 228 F.3d 1360 (Fed. Cir. 2000). . . . . 2

**Page**

**Cases (Continuation):**

*Baker v. Commissioner*, 122 T.C. 143 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Blodgett v. Commissioner*, 394 F.3d 1030 (8th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . 10

*Caplin v. United States*, 718 F.2d 544 (2d Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Coltec v. United States*, 454 F.3d 1340 (Fed. Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Commissioner v. Court Holding Co.*, 324 U.S. 331 (1945). . . . . . . . . . . . . . . . . . . . . . . . 6

*Frank Lyon Co. v. United States*, 435 U.S. 561 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Griffin v. Commissioner*, 315 F.3d 1017 (8th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Grojean v. Commissioner*, 248 F.3d 572 (7th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Higbee v. Commissioner*, 116 T.C. 438 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Holiday Village Shopping Ctr. v. United States*, 773 F.2d 276 (Fed. Cir. 1985). . . . . . . . 7

*Kirchman v. Commissioner*, 862 F.2d 1486 (11th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . 4

*Long Term Capital Holdings v. United States*, 330 F. Supp. 2d 122 (D. Conn. 2004). . . . 8

*Sealy Power v. Commissioner*, 46 F.3d 382 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . 2

*Transcapital Leasing Associates 1990-II, L.P. v. United States*, 2006 U.S. Dist. LEXIS 16238, 97 A.F.T.R.2d (RIA) 1916 (W.D. Tex. March 31, 2006). . . . . . . 2

*United States v. Janis*, 428 U.S. 433 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Statutes:**

Internal Revenue Codes of 1986 (26 U.S.C.):

§ 6226.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

§ 7491.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3, 6, 9-12

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No's 04-1419 T, 05-1067 T

(Judge Mary Ellen Coster Williams)

K2 TRADING VENTURES, LLC,
NEW VISTA, LLC, TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**RESPONSE BY THE UNITED STATES TO PLAINTIFFS' MOTION TO SHIFT BURDEN OF PROOF TO THE UNITED STATES**

The United States responds as follows to Plaintiffs' Motion to Shift Burden of Proof to the United States. Plaintiffs' motion fails to satisfy 26 U.S.C. § 7491 for several reasons. Under § 7491, a taxpayer may shift the burden of proof only for specific, factual issues that are relevant to ascertaining the liability of the taxpayer, and only after the presentation of credible evidence on an issue. Plaintiffs' motion runs afoul of these statutory requirements. First, it seeks to shift the burden on specific issues that are not factual issues relevant to ascertaining plaintiffs' tax liabilities. Second, it seeks to shift the burden on all issues to the United States, not simply on the specific issues identified in plaintiffs' motion. Finally, plaintiffs' motion is premature, because it asks this Court to shift the burden to the United States prior to the actual presentation of any credible evidence to the Court. Therefore, the Court should deny the motion.

## BACKGROUND

It is a well-settled rule that taxpayers generally bear the burden of proof when litigating their tax liabilities.[1] This rule applies in tax refund suits,[2] and it applies equally to this proceeding to redetermine partnership items under 26 U.S.C. § 6226 because an FPAA is the functional equivalent of a notice of deficiency.[3] Thus, in this case—absent some exception—the Service's adjustments are presumed to be correct and the plaintiffs bear the burden of proof.[4]

Section 7491 provides a narrow exception to this general rule.[5] Subsection (a)(1) provides in relevant part that—

> If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue.[6]

---

[1] *See, e.g.*, *United States v. Janis,* 428 U.S. 433, 440 (1976).

[2] *Abrahamsen v. United States*, 228 F.3d 1360, 1364 (Fed. Cir. 2000); *Caplin v. United States,* 718 F.2d 544, 549 (2d Cir. 1983) ("In a tax refund suit, the burden of proof is on the taxpayer to prove an overpayment of tax").

[3] *Sealy Power v. Commissioner,* 46 F.3d 382, 385-86 (5th Cir. 1995).

[4] *Id. at 386*; *see also Transcapital Leasing Associates 1990-II, L.P. v. United States,* 2006 U.S. Dist. Lexis 16238, * 86, 97 A.F.T.R. 2d (RIA) 1916 (W.D. Tex. March 31, 2006).

[5] In addition, § 7491 does not allow taxpayers to shift the burden of proof on penalties or on their defenses to penalties. *Higbee v. Comm'r*, 116 T.C. 438, 446-447 (2001).

[6] Subsection (a)(2) imposes three additional requirements, as follows—

(A) the taxpayer has complied with the requirements under this title to substantiate any item;
(B) the taxpayer has maintained all records required under this title and has cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews; and
(C) in the case of a partnership, corporation, or trust, the taxpayer is described in

(continued...)

The statute thus imposes at least two requirements relevant here, which are the predicates for a very specific form of relief. First, the taxpayer must produce evidence "with respect to [a] factual issue relevant to ascertaining the liability of the taxpayer[.]" Second, the taxpayer must "introduce credible evidence" on that issue. Then, if the taxpayer meets this burden, the relief is that the burden shifts to the Secretary only "with respect to such issue." Plaintiffs' motion fails to comply with these two requirements, and then asks for relief not authorized by the statute. We address each point in turn below.

## I.

## SECTION 7491 DOES NOT APPLY TO THE ISSUES IDENTIFIED IN PLAINTIFFS' MOTION

Plaintiffs' motion identifies five purportedly "factual" issues before the Court: (1) "[w]hether K2 Trading . . . was formed and operated as a partnership entity;" (2) "whether the investors contributed and assigned separately purchased and sold call options and cash to K2 Trading;" (3) "whether the partners' transfer of such options to K2 Trading had economic substance;" (4) "whether K2 Trading and its partners had the potential to earn pre-tax profits from its investments;" and (5) "whether the partners of K2 Trading received property in redemption of their partnership interests."[7] To the extent that these are genuine issues before the Court, they are legal issues, not factual issues. Consequently, they are not subject to burden shifting under § 7491, which, by its plain language, operates to shift the burden only on discrete

[6](...continued)

section 7430(c)(4)(A)(ii) [which imposes a net worth requirement of $7 million]. Here, the United States has stipulated that, solely for purpose of § 7491, the requirements of subsections (2)(A) and (B) have been met, and it does not contest the net worth requirement.

[7] Pl. Mot. to Shift Burden ¶ 8.

*factual* issues. Moreover, to the extent that plaintiffs do identify factual issues, they are not issues that are in dispute.

### A. Plaintiffs have confused sham in fact with sham in substance in issues (1) and (5)

As for plaintiffs' issue (1), they have apparently confused the issue of whether K2 Trading is a "sham in fact" with the issue of whether it is a "sham in substance." This distinction was well-explained by the Eleventh Circuit in *Kirchman v. Commissioner*:[8]

> Courts have recognized two basic types of sham transactions. Shams in fact are transactions that never occur. In such shams, taxpayers claim deductions for transactions that have been created on paper but which never took place. Shams in substance are transactions that actually occurred but which lack the substance their form represents.[9]

At issue in this case is whether K2 Trading is a sham in substance, *not* whether it is a sham in fact.[10] Although the factual issue of whether K2 Trading was formed and operated as a partnership entity under state law would be material to the resolution of a question before the Court if the issue before the Court were whether K2 Trading is a sham in fact, this factual issue is not material to determining whether K2 Trading is a sham in substance. In deciding whether an entity is a sham in substance, courts determine "whether, all facts considered, the parties intended to join together as partners to conduct business activity for a purpose other than tax avoidance."[11] In such an inquiry, "the absence of a nontax business purpose is fatal" to the taxpayer's

---

[8] 862 F.2d 1486 (11th Cir. 1989).

[9] *Id.* at 1492; *accord ACM P'ship v. Comm'r*, 157 F.3d 231, 247 n.30 (3d Cir. 1998).

[10] *See* Pretrial Mem. for United States at 24-30.

[11] *ASA Investerings P'ship v. Comm'r*, 201 F.3d 505, 513 (D.C. Cir. 2000).

contention that the entity should be respected for tax purposes.[12] The mere fact that K2 was incorporated under state law and carried on activities under its own name is in no way material to the issue of whether the members of K2 Trading had a nontax business purpose in forming K2 Trading.

Similarly, plaintiffs' issue (5), "whether the partners of K2 Trading received property in redemption of their partnership interests," is not a factual issue that is disputed in this case, and would be only if there were an issue in this case as to whether the K2 Trading members' receipt of property in redemption of their partnership interests was a sham in fact. The United States does not contend that the members' receipt of such property was a sham in fact. Rather, the issue in this case relating to the K2 Trading members' receipt of property in redemption of their partnership interests is what basis they should have in that property.

For example, if the step transaction doctrine applies to the members' contribution of the offsetting options to K2 Trading and subsequent receipt of stock or foreign currency from K2 Trading, the members will be treated for federal tax purposes as having both acquired and closed the offsetting options themselves, and consequently will be deemed not to have received property in redemption of their partnership interests for tax purposes, notwithstanding that the members complied with the requisite formalities in contributing the offsetting options to K2 Trading and receiving foreign currency or stock in redemption of their partnership interests. Alternatively, as discussed further below, even if the Court recognizes the transactions at issue here, it should make findings with the effect of assigning the members only a net basis under the substance-over-form doctrine. In either case, the members would have a lower basis in the property, but

---

[12] *Id.* at 512.

there is no dispute that they would in fact own the property; that mere fact is simply not in dispute here.

**B. Plaintiffs' issues (2) and (3) are legal issues, not factual issues**

Section 7491 does not apply to the second issue plaintiffs have identified because it is an an issue of law, not of fact. The issue identified by plaintiffs is whether the offsetting options contributed to K2 Trading by its members were, for federal tax purposes, "separately purchased and sold call options," as plaintiffs maintain,[13] or are a single position for federal tax purposes, as the United States maintains.[14] It is well-established that the "incidence of taxation depends on the substance of a transaction" rather than its form.[15] Under the substance over form doctrine, the Commissioner and the courts may "recharacterize a transaction in accordance with its commercial significance."[16] Thus, when a court applies the substance over form doctrine, it makes a determination as to what the appropriate characterization of a transaction is for tax purposes, and consequently makes a legal determination.[17]

Similar to the sham partnership issue, plaintiffs have conflated the issue of whether the offsetting options purchased by the K2 investors were formally distinct with the issue of whether the formal separateness of the options should be respected for tax purposes. The evidence

---

[13]*See* Pl. Mot. to Shift Burden ¶ 8.

[14]*See* Pretrial Mem. for United States at 38.

[15]*Comm'r v. Court Holding Co.,* 324 U.S. 331, 334 (1945).

[16]*Grojean v. Comm'r*, 248 F.3d 572, 576 (7th Cir. 2001).

[17]*See Frank Lyon Co. v. United States*, 435 U.S. 561, 581 n.16 (1978) ("The general characterization of a transaction for tax purposes is a question of law . . . .").

identified by plaintiffs in support of their contention demonstrates only that the offsetting options were formally distinct inasmuch as they were separately documented.[18] But even assuming that plaintiffs' evidence establishes this fact, they have not established that the formal distinctness of the offsetting options should be respected for federal tax purposes, because, as a practical matter, the offsetting options could not be separated. Plaintiffs' evidence thus falls short, because the Court's task in deciding whether the offsetting options should be considered a single position for tax purposes is to determine the economic reality of the situation, disregarding the formal labels and structures chosen by the parties.[19]

The third issue identified by plaintiffs, "whether the partners' transfer of [offsetting] options to K2 Trading had economic substance," is likewise a legal issue. Recently, in *Coltec v. United States*,[20] the Federal Circuit made perfectly clear that the issue of whether a transaction has economic substance is a legal issue by applying a *de novo* standard of review in reversing the lower court's conclusion that the economic substance doctrine was not applicable.[21] In addition, plaintiffs ignore that the United States contends that the offsetting option transactions themselves also lack economic substance.[22]

---

[18]*See* Pl. Mot. to Shift Burden ¶ 10.

[19]*Holiday Village Shopping Ctr. v. United States*, 773 F.2d 276, 280 (Fed. Cir. 1985).

[20]454 F.3d 1340 (Fed. Cir. 2006).

[21]*Id.* at 1357 (holding that "ultimate conclusion" that a transaction lacks a business purpose and hence lacks economic substance is a "legal conclusion, which we review without deference").

[22]*See* Pretrial Mem. for United States at 16-24.

**C. Plaintiffs' issue (4) is not a fact in dispute and, in any event, is not dispositive of the economic substance issues in this case**

The final issue, "whether K2 Trading and its partners had the potential to earn pre-tax profits from its investments," is a factual issue, but, properly understood, is not an issue that the United States disputes, and is not, contrary to plaintiffs' contention,[23] dispositive of the economic substance issues in this case. The members of K2 Trading were all promoters of the tax shelter employed in this case. Consequently, they did not have to pay the exorbitant tax shelter fees they and BDO Seidman charged their clients for use of the shelter. As a result, the members had at least the remote potential to realize a pretax profit on the offsetting options. Nonetheless, as the United States will demonstrate at trial through the expert testimony of Dr. Lawrence Kolbe, the members had no *reasonable* opportunity to profit from the offsetting option transactions because the offsetting option transactions had a *negative* rate of expected return.

The fact that the members had a theoretical potential to earn a pretax profit is not dispositive of the issue of whether the offsetting option transactions lacked economic substance. A mere potential for profit is insufficient to conclude that a transaction had economic substance; rather, in deciding this issue, a court must decide whether the "transaction offers a *reasonable opportunity for profit*, that is, exclusive of tax benefits."[24] Plaintiffs do not contend in their motion that they have presented credible evidence on this issue. Furthermore, even if they had, their argument to that effect would fail. Plaintiffs have offered no credible evidence tending to show that the members had a reasonable opportunity to profit from the offsetting option

[23] *See* Pl. Pretrial Mem. at 40.

[24] *Long Term Capital Holdings v. United States*, 330 F. Supp. 2d 122, 172 (D. Conn. 2004) (emphasis added) (internal citations omitted).

transactions. Plaintiffs contend that the members expected to earn profits on the offsetting option transactions by pursuing a so-called "dynamic strategy" of repeatedly trading the options prior to expiration.[25] This argument would fail as a matter of law. Under *Coltec*, the Court must examine solely the transaction which produces the tax benefits, not collateral or theoretical transactions such as those contemplated by the "dynamic" strategy.[26] Furthermore, this argument would fail factually, because plaintiffs' expert has made no effort to quantify an expected (or even a maximum) return on the offsetting option transactions from the "dynamic strategy."

**D. Summary**

Plaintiffs have failed to identify any issues to which § 7491 applies. Section 7491 applies only to factual issues, so it does not apply to the two legal issues identified by plaintiffs. Plaintiffs' other three issues are not in dispute, and are not dispositive of the issues before the Court, and hence are not "relevant to ascertaining the liability of the taxpayer," as is required under § 7491.

**II.**

**PLANTIFFS CANNOT PRODUCE "CREDIBLE EVIDENCE" PRIOR TO TRIAL**

Even if plaintiffs had identified a factual issue in this case upon which they described supposedly credible evidence and otherwise satisfied the requirements of § 7491, plaintiffs' motion would still fail because it is premature. "Credible evidence" as used in § 7491 has been defined as "the quality of evidence which, after *critical analysis*, the court would find sufficient

---

[25] Pl. Pretrial Mem. at 7.

[26] *Coltec*, 454 F.3d at 1356-57.

upon which to base a decision on the issue if no contrary evidence were submitted . . . ."[27] In *Blodgett v. Commissioner*,[28] the Eighth Circuit applied this interpretation and rejected the taxpayer's contention that the Tax Court was required to shift the burden to the Commissioner after the taxpayer introduced uncontroverted testimony on a particular factual issue.[29] The *Blodgett* court rejected the taxpayer's contention, because the Tax Court, as finder of fact, must have an opportunity to subject such testimony to critical analysis and determine whether it finds the taxpayer to be credible before it would be required to determine whether the "credible evidence" requirement of § 7491 had been met.[30] "If critical analysis requires nothing else," *Blodgett* concluded, "it requires a . . . court to conduct a credibility determination before labeling evidence 'credible.'"[31]

Like the taxpayer in *Blodgett*, plantiffs in their motion ask this Court to make a determination as to the credibility of testimony in advance of actually hearing the testimony.[32] To the extent that plaintiffs will present any evidence bearing on the factual issues in dispute in this case, it will consist principally of self-serving testimony offered by the members of K2

[27] *Griffin v. Comm'r*, 315 F.3d 1017, 1021 (8th Cir. 2003) (emphasis added). Plaintiffs apparently accept this definition. *See* Pl. Mot. to Shift Burden ¶ 7 (quoting *Griffin*, 315 F.3d at 1021).

[28] 394 F.3d 1030 (8th Cir. 2005).

[29] *Id.* at 1035-36.

[30] *Id.*

[31] *Id.* at 1036.

[32] *See* Pl. Mot. to Shift Burden ¶¶ 11, 13 (relying on deposition testimony of Ari Bergmann and Nassim Taleb).

Trading and of testimony offered by their expert. Since the Court has not yet heard this testimony, it cannot at this time subject it to the "critical analysis" necessary to determine whether it is credible, and hence cannot at this time decide whether it constitutes "credible evidence" within the meaning of § 7491. Therefore, plaintiffs' motion should be denied because it is premature.

**III.**

**SECTION 7491, IF APPLICABLE, SHIFTS THE BURDEN OF PROOF ON DISCRETE FACTUAL ISSUES, NOT ON ALL ISSUES**

Finally, § 7491 provides that, if the taxpayer presents credible evidence as to any issue, "the Secretary shall have the burden of proof *with respect to such issue*." Thus, as its plain language makes clear, § 7491 only applies to shift the burden of proof on a particular factual issue if the taxpayer has presented credible evidence on that issue. It does not shift the burden on *every* issue simply because the taxpayer has introduced credible evidence and satisfied the other requirements of § 7491 with respect to any one factual issue.

This conclusion was reached in *Baker v. Commissioner*.[33] In *Baker*, the taxpayers claimed a medical expense deduction on their 1997 and 1998 tax returns.[34] Part of the deduction was attributable to monthly fees for medical care and part was attributable to the use of a swimming pool and spa recommended by a physician.[35] The Tax Court split the burden of proof on that deduction by holding that the taxpayers had presented credible evidence on the issue of

---

[33]122 T.C. 143 (2004).

[34]*Id*. at 159.

[35]*Id*. at 159-160.

the monthly fees attributable to medical care but had not presented credible evidence on the issue of the monthly fees attributable to the pool and spa.[36]

The clarity of the statutory language of § 7491 notwithstanding, plaintiffs ask the court to shift the entire burden of proof to the United States, despite identifying only five particular issues on which they claim to have satisfied the requirements of § 7491.[37] Plaintiffs are incorrect in maintaining that they have satisfied the requirements of § 7491 on these issues, but even if they had done so, it would be inappropriate to shift the burden of proof on any issues not identified in plaintiff's motion. To the contrary, for each particular factual issue on which the plaintiffs wish to shift the burden, they must show that the requirements of § 7491 have been met with respect to that factual issue. Even if the Court does find that plaintiffs have satisfied the § 7491 requirements on one of the five issues they have identified, the Court should only shift the burden of proof to the United States on that particular issue.

---

[36] *Id.* at 169-170.

[37] *See* Pl. Mot. to Shift Burden ¶¶ 1,3,8,14.

**CONCLUSION**

Plaintiffs have failed to identify any factual issues in this case upon which they have presented credible evidence. Furthermore, even if plaintiffs had identified any such issues, a ruling by this Court on burden shifting would be premature because the Court must evaluate the credibility of plaintiffs' witnesses testimony before making a ruling. Accordingly, the United States respectfully requests that the Court deny plaintiffs' motion to shift the burden of proof. Moreover, even if this Court should find that plaintiffs have presented credible evidence on some factual issue in this case, the burden of proof should be shifted to the United States only on that factual issue, not on all the issues in this case.

Respectfully submitted,

s/Michael S. Raum
MICHAEL S. RAUM
Attorney of Record
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 353-3922

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STUART J. BASSIN
Senior Litigation Counsel
JENNIFER P. WILSON
Trial Attorney
JOSEPH B. SYVERSON
Trial Attorney

s/David Gustafson
Of Counsel

September 25, 2006