**Nos. 04-1419 T & 05-1067 T**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(Judge Mary Ellen Coster Williams)**

K2 TRADING VENTURES, LLC,
NEW VISTA, LLC, TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# REPLY BY THE UNITED STATES TO PLAINTIFFS' RESPONSE TO THE MOTION *IN LIMINE* BY THE UNITED STATES TO EXCLUDE THE RICHARD STARKE NOTES

EILEEN J.O'CONNOR
Assistant Attorney General

DAVID GUSTAFSON
MICHAEL S. RAUM
STUART J. BASSIN
JENNIFER P. WILSON
JOSEPH B. SYVERSON
Attorneys
U.S. Department of Justice (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 353-3922
(202) 514-9440

# TABLE OF CONTENTS

Page

Reply by the United States to Plaintiff's Response to the Motion *In Limine* by the United States to Exclude the Richard Starke Notes. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Plaintiffs have not challenged two of the most crucial reasons the Starke notes are not admissible. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. The Starke notes are not admissible because they are not reliable. . . . . . . 3

B. The Starke notes are not admissible because they reflect the kind of internal government debate that is not relevant for any purpose.. . . . . . . . 5

II. The Starke notes are not relevant for the purpose offered by plaintiffs.. . . . . . . . . . 6

III. The Stark notes are inadmissible hearsay. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

**Cases:**

*Aguilar v. International Longshoremen's Union Local # 10*, 966 F.2d 443 (9th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338 (Fed. Cir. 1999).. . . . . . . . . . 14

*Allen v. Commissioner*, 925 F.2d 348 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*B.H. et al. ex rel. Monahan v. Johnson*, 128 F.R.D. 659 (N.D. Ill. 1989). . . . . . . . . . . . . 13

*Cargill, Inc. v. Boag Cold Storage Warehouse, Inc.*, 71 F.3d 545 (6th Cir.1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Clark v. United States*, 8 Cl. Ct. 649, 651 n.1 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Cirrus Logic Sec. Litigation*, 946 F. Supp. 1446 (N.D. Cal. 1996).. . . . . . . . . . . . . 13

Page

**Cases (Continuation):**

*Frey v. Department of Health & Human Services*, 106 F.R.D. 32 (E.D.N.Y. 1985). . . . . . . . . . . . 13

*Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. 91 (2004).. . . . . . . . . . . . 13

*Hospital Building Co. v. Trustees of the Rex Hospital*, 791 F.2d 288 (4th Cir. 1986). . . . . . . . . . . . 14

*Indeck Energy Svc's v. Commissioner*, T.C. Memo 2003-101, (2003). . . . . . . . . . . . 9

*Jade Trading v. United States*, 56 Fed. Cl. 487 (2005). . . . . . . . . . . . 4, 6, 7, 14, 15

*Kolmes v. World Fibers Corp.*, 107 F.3d 1534 (Fed. Cir. 1997). . . . . . . . . . . . 15

*Marriott International Resorts v. United States*, 61 Fed. Cl. 411 (2004). . . . . . . . . . . . 7

*Neonatology Associate v. Commissioner*, 299 F.3d 221 (3d Cir. 2002). . . . . . . . . . . . 8

*Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037 (D. Ariz. 2005).. . . . . . . . . . . . 10

*Rosee v. Board of Trade*, 36 F.R.D 684 (N.D. Ill. 1965).. . . . . . . . . . . . 5

*Schrum v. Commissioner*, 33 F.3d 426 (4th Cir.1994). . . . . . . . . . . . 8

*United States v. Arroyo*, 406 F.3d 881 (7th Cir. 2005). . . . . . . . . . . . 12, 13

*United States v. Guevara*, 277 F.3d 111 (2d Cir. 2001). . . . . . . . . . . . 13

*United States v. Kampiles*, 609 F.2d 1233 (7th Cir. 1979). . . . . . . . . . . . 13

*Vons Cos., Inc. v. United States*, 51 Fed. Cl. 1 (2001).. . . . . . . . . . . . 5, 7

*Westfed Holdings, Inc. v. United States*, 55 Fed. Cl. 544 (2003), *rev'd on other grounds*, 407 F.3d 1352 (Fed. Cir. 2005). . . . . . . . . . . . 15

**Page**

**Statutes:**

Internal Revenue Code of 1986 (26 U.S.C.):

§ 752.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5, 7, 11, 12

**Miscellaneous:**

Fed. R. Evid. 702. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed. R. Evid. 801. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 13

Fed. R. Evid. 803. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Treas. Reg. § 1.6662-3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Treas. Reg. § 1.6662-4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No's 04-1419 T, 05-1067 T

(Judge Mary Ellen Coster Williams)

K2 TRADING VENTURES, LLC,
NEW VISTA, LLC, TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**REPLY BY THE UNITED STATES TO PLAINTIFFS' RESPONSE TO THE MOTION *IN LIMINE* BY THE UNITED STATES TO EXCLUDE THE RICHARD STARKE NOTES**

The United States has moved for an order excluding from evidence the notes prepared by IRS attorney Richard Starke, which plaintiffs describe as the "Helmer-Cram Memorandum," on the grounds that the notes are irrelevant and unreliable.[1] Plaintiffs respond by asserting that the Starke notes are relevant and otherwise admissible because they are not hearsay or come within an exception to the hearsay rule. However, plaintiffs ignore two of the most crucial reasons why these notes are inadmissible – that is, they ignore the various indicia of unreliability with respect to the Starke notes, and they ignore the principle that a purely internal government document

[1]Although we have not separately moved to exclude Plaintiffs' Exhibit 359, described by plaintiffs as "Chief Counsel Meeting Request Form re: Short Sales of Securities by Partnerships," we note that this exhibit should be excluded for the same reasons the Starke notes should be excluded. The United States reserves all objections to Plaintiffs' Exhibit 359 if it is offered at trial, including but not limited to, the objections raised with respect to the Starke notes.

relating internal government discussions is not relevant for *any* purpose.

Plaintiffs articulate only one purpose for which the Starke notes will be offered at trial. They state: "One fact that is of consequence is whether, for purposes of the negligence penalty which has been asserted by the government, the investors in K2 Trading had a reasonable basis for their positions . . . that sold call options were not liabilities within the meaning of Section 752 of the Internal Revenue Code of 1986, as amended."[2] In other words, plaintiffs argue that this exhibit is relevant for the very narrow purpose of proving that the negligence penalty (one of four accuracy-related penalties that the IRS determined apply to the offsetting options transaction) is not applicable at the partnership level because plaintiffs had a "reasonable basis" for their position. As explained below, plaintiffs' argument is wrong as a matter of law, and the Starke notes are simply not relevant for this purpose. Moreover, even if the Starke notes were somehow relevant, they are hearsay and do not come within any exception identified by plaintiffs.

**ARGUMENT**

**I.**

**PLAINTIFFS HAVE NOT CHALLENGED TWO OF THE MOST CRUCIAL REASONS THE STARKE NOTES ARE NOT ADMISSIBLE**

Our opening brief demonstrated that the Starke notes were completely unreliable evidence; they are "very loose notes" prepared by an admittedly ill-informed IRS line attorney. Plaintiffs, in opposition, make no attempt to demonstrate that the notes are reliable evidence of

---

[2]Plaintiffs' Response at 2. Plaintiffs appear to suggest that they may offer the Starke notes for other purposes at trial. However, plaintiffs have identified only one purpose in their response to the motion *in limine* by the United States, and any additional purposes for which the evidence may be offered should be deemed waived by their failure to include them in their response.

any relevant fact. Thus, the remainder of plaintiffs' arguments, which attempt to impart evidentiary significance to these "very loose notes," fail as a matter of fact because the Starke notes establish nothing. Likewise, our opening brief cited substantial authority establishing that the Starke notes are not relevant for any purpose in this case because they reflect no more than the thoughts and impressions of one IRS line attorney. Plaintiffs, in opposition, do not address these authorities. The Court should exclude the Starke notes on either or both of these grounds, which plaintiffs have failed to address, much less rebut.

**A. The Starke notes are not admissible because they are not reliable.**

Plaintiffs assert that the Starke notes "make[] clear the Internal Revenue Service's belief that, under Helmer, sold call options were not liabilities within the meaning of Section 752."[3] They then cite two pages of the Starke notes in support of their assertion. The notes on pages 10810-10811 include Mr. Starke's description of comments made by other Service employees during a conference, which he described as "Conference with Jackal, FI&P, P&SI, Treasury, Crouch 1/9/95."[4] The notes on page 10811 relate to Mr. Starke's review of "P&SI's briefing memo for 3/7/95 meeting with Brown." Plaintiffs quote excerpts of notes from both pages without providing any of the relevant context. Plaintiffs' omission is significant because the context for these notes makes clear that they are not reliable for the purpose offered by plaintiffs (or, quite probably, for any purpose).

---

[3]Plaintiffs' Response at 4.

[4]The abbreviations "FI&P" and "P&SI" refer to branches of the Internal Revenue Service Chief Counsel's office known as "Financial Instruments and Products" and "Passthroughs and Special Industries." It appears that "Jackal" and "Crouch" are individuals and "Treasury" is the Department of Treasury.

With respect to the notes about the January 9, 1995 conference (on pages 10810-10811), plaintiffs fail to indicate that Mr. Starke included the following preface: "These are very loose notes; I was not sure who represented who and heard a lot of vaguely reminiscent partnership tax law." Similarly, plaintiffs fail to note that Mr. Starke testified that when he prepared his notes, he was not well versed in partnership tax law.[5] Finally, plaintiffs fail to include the text surrounding each excerpt, including the following (with parentheses and brackets as in the original):

> FI&P might say all options obligations [liabilities?]?
>
> Mentions 446-5 [a regulation?] [get feeling quite important here]. FI&P apparently says every option, whether deep-in-money or not, is a § 752 obligation [liability?]. Others apparently disagree. (That is apparently at odds with Helmer; hence they are talking about maybe doing this as a regulation (overruling a case) rather than just a RR (or something).
>
> . . .
>
> Treasury [apparently] opposes leaving it open with possibly one rule for short sales but latitude for taxpayers re options (and does not think can do same for options in a RR. need regulation to overrule Helmer).

Given this context, it is clear that the notes are, indeed, "very loose." The notes and Mr. Starke's testimony reveal that he was confused about the subjects under discussion and that he did not understand the views related by other Service employees. The notes do not include quotations, nor do they identify the speaker in most instances, simply referring to a branch of the Service.

In order for these notes to demonstrate the Service's understanding of the law, they would need to be significantly more reliable, to say the least (and even then would not be relevant, as addressed in the next section). However, there is simply no reason to believe that these notes accurately reflect statements made by other Service employees or even the views held by those

---

[5] *See Jade Trading* Trial Transcript at 784:3-13.

employees. Instead, these notes reflect the impressions, questions, and opinions of one Service employee who attended a conference addressing a topic that was unfamiliar to him. Therefore, these notes cannot possibly demonstrate the Service's understanding of the law, nor even the understanding of its personnel.

**B. The Starke notes are not admissible because they reflect the kind of internal government debate that is not relevant for any purpose.**

Even if one assumes that the relevant portions of the Starke notes accurately relate the views held and statements made by other Service employees with respect to contingent liabilities under Section 752 (which they do not), the notes still would not be relevant for any purpose. As explained in *Rosee v. Board of Trade*:

> [T]he cerebrations and mental processes or government officials, leading to admittedly proper exercises of power, *can never be a factor in a judicial proceeding*.[6]

Similarly, in *Vons Cos., Inc. v. United States*[7], the Court of Federal Claims observed that some internal Service documents, including memoranda from individual line attorneys, "will shed no light whatsoever on what the IRS, as an agency" believes:

> Thus, for example, the files could contain memoranda from individual IRS line attorneys setting forth positions that do not represent the agency's formal view of the law, including positions that were rejected by the IRS or the Treasury Department in choosing the final terminology and scope of the ruling. . . . [T]his court [should] be extraordinarily hesitant to attribute to the IRS or the Treasury Department interpretations of a revenue ruling made by individual IRS employees that represent their personal views, rather than the official position of the agency.[8]

---

[6]36 F.R.D. 684, 689 (N.D. Ill. 1965) (emphasis added).

[7]51 Fed. Cl. 1 (2001).

[8]*Id*. at 21.

The notes at issue reflect nothing more than an internal discussion between employees of several branches of the Service about various legal issues and one line attorney's admittedly ill-informed personal impressions. This Court should be guided by the holding in *Rosee* and the guidance in *Vons,* and conclude that the Starke notes are not relevant for any purpose in this case.

In addition, the Court should be guided by its own August 15, 2005 order sustaining the United States' invocation of deliberative process privilege in *Jade Trading*.[9] The Court held (at 6) that the production of certain deliberative documents would not "advance the integrity of fact finding" because:

> [T]he documents address solely internal governmental debate on matters of law – the scope and content of a regulation and the interpretation of a legal term. Both the validity of the regulation and the interpretation of the term "liabilities" can be adjudicated by the court without resort to the Government's predecisional debate and opinion.

This same reasoning renders the Starke notes irrelevant for any purpose. The notes address solely internal government debate on matters of law. As the Court found in *Jade Trading*, legal matter can be adjudicated by the Court without reference to the internal government debate.

## II.

## THE STARKE NOTES ARE NOT RELEVANT FOR THE PURPOSE OFFERED BY PLAINTIFFS

Plaintiffs have identified only one issue to which they claim the Starke notes are relevant: "whether, for purposes of the negligence penalty which has been asserted by the government, the investors in K2 Trading had a reasonable basis for their positions (to the extent any such positions have been reported on any tax returns) that sold call options are not liabilities within the

[9] A copy of the order is annexed to the motion by the United States as Attachment B.

meaning of Section 752 of the Internal Revenue Code of 1986, as amended." As explained above and in our initial brief on this issue, the Starke notes cannot constitute the position of the IRS as a matter of law, and do not reliably reflect even the views of agency personnel, and so cannot provide anyone with a reasonable basis for anything. In addition, setting this point aside, the document is irrelevant for the purpose plaintiffs offer because it flies in the face of the objective nature of the inquiry for the negligence penalty.

Before addressing relevance, we note that plaintiffs' reliance on this Court's rulings in *Jade Trading* is misplaced. The Court's first Order in *Jade Trading* related to discovery and did not address relevance for purposes of substantive evidence at trial.[10] At trial, the Court admitted the document by referring back to this Order, a decision it made over the government's objection. However, the Court has not yet issued a ruling in *Jade Trading* indicating what, if any, weight it is giving the document. The Court is not bound by its prior ruling, and it should exclude the document now that it has had a more extensive opportunity to review both the document and the expanded arguments of the United States.

Plaintiffs argue that the Starke notes, about which they unquestionably were not aware (and could not have been aware) in 2000 and 2001, provide them with a "reasonable basis" for their reporting position that the short options do not count in basis, thus allowing them to avoid the negligence penalty. Simply put, "reasonable basis" cannot be based on documents such as

[10] *Jade Trading v. United States*, 56 Fed. Cl. 487, 491-93 (2005). Plaintiffs' citation to *Marriott Int'l Resorts v. United States*, 61 Fed.Cl. 411, 416 (2004) is equally unavailing, as it too addresses relevance solely in the discovery context. Indeed, the *Marriott* court expressly noted that, while it would allow the discovery at issue, it would be "extraordinarily hesitant to attribute to the IRS or the Treasury Department interpretations of a revenue ruling made by individual IRS employees that represent their personal views, rather than the official position of the agency." *Id.* (*quoting Vons Cos. v. United States*, 51 Fed.Cl. 1, 21 (2001)).

the Starke notes. Treas. Reg. § 1.6662-3(b)(1) defines "negligence" to include "any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return." There can be no doubt that the focus of the inquiry for purposes of the negligence penalty is objective: "Generally speaking, the negligence standard as in the tort context is objective, requiring a finding of a lack of due care or a failure to do what a reasonable and prudent person would do under analogous circumstances."[11] Thus, negligence turns on objective evaluation of the activities of the taxpayer.

Treas. Reg. § 1.6662-3(b)(3) provides that a return position that has a "reasonable basis" is not attributable to negligence. The regulation defines "reasonable basis" in part as follows—

> Reasonable basis is a relatively high standard of tax reporting, that is, significantly higher than not frivolous or not patently improper. The reasonable basis standard is not satisfied by a return position that is merely arguable or that is merely a colorable claim. If a return position is reasonably based on one or more of the authorities set forth in § 1.6662-4(d)(3)(iii) (taking into account the relevance and persuasiveness of the authorities, and subsequent developments), the return position will generally satisfy the reasonable basis standard even though it may not satisfy the substantial authority standard as defined in § 1.6662-4(d)(2).

As this provision makes clear, the definition of "reasonable basis" is, like the definition of negligence, objective. The entire definition is by reference to a legal evaluation of a position, to determine whether it is better-founded legally than a position which is merely "not frivolous or not patently improper," nor even "arguable" or "colorable," though it need not be as well-supported as a position for which there is a "substantial authority." In other words, "reasonable basis" is on a spectrum of support for a return position, significantly higher than some while lower than others. Crucially, each of the positions on the spectrum involve an objective review

[11] *Neonatology Assoc. v. Comm'r*, 299 F.3d 221, 233 (3d Cir. 2002) (*citing Schrum v. Comm'r*, 33 F.3d 426, 437 (4th Cir.1994); *Allen v. Comm'r*, 925 F.2d 348, 353 (9th Cir. 1991).

by the Court of the return position in light of the controlling law.[12]

This is most clear with respect to the regulation's reference to Treas. Reg. § 1.6662-4(d), which defines "substantial authority." Generally, "[i]f there is substantial authority for the tax treatment of an item, the item is treated as if it were shown properly on the return for the taxable year in computing the amount of the tax shown on the return," providing a defense against penalties.[13] The regulation goes on to identify specific authorities that may constitute substantial authority, including, among others, provisions of the Code, regulations, revenue rulings and revenue procedures, actions on decisions and general counsel memoranda issued after March 12, 1981, court cases, and announcements and other administrative pronouncements.[14] Only these authorities may properly be considered, and conclusions reached in legal opinions or opinions rendered by tax professionals are explicitly excluded from consideration.[15] In short, incorporation of this explicitly objective standard into the definition of reasonable basis indicates that the reasonable basis standard is similarly objective. At least one court has adopted this position, finding a reasonable basis when, in connection with its claim of substantial authority, the taxpayer "marshaled a number of cases to support" its position.[16]

---

[12] Plaintiffs seem implicitly to recognize this point when they state (at 3) that they do not rely on the Starke notes for "reasonable cause," an inquiry which unlike negligence turns on subjective factors, such as reasonable reliance on a tax advisor.

[13] Treas. Reg. § 1.6662-4(d).

[14] Treas. Reg. § 1.6662-4(d)(iii).

[15] *Id.* The same reasoning would preclude reliance on the alleged personal opinions of IRS personnel.

[16] *Indeck Energy Svc's v. Comm'r*, T.C. Memo. 2003-101, *21.

Thus the plain language of the definition of reasonable basis, as well as the overall focus of the negligence penalty on objective facts, demonstrates that a reasonable basis can be predicated only on authority about which a taxpayer was (or could have been) aware. A position simply cannot be reasonable because it is later argued that the position was based on a type of authority that was not publicly available. To make this point, consider the converse—the United States could never show that a position lacked a reasonable basis by showing that internal, unofficial communications between IRS employees suggested the position was wrong.[17] The Court simply would not consider such undisclosed documents when evaluating the legal propriety of a position, no matter who offered them; it would instead consult the Code, regulations, cases, and other sources of the sort outlined in Treas. Reg. § 1.6662-4(d)(iii).[18] Therefore, the Starke notes have no logical relevance to the objective question of whether the return positions at issue have a reasonable basis.

---

[17] As a conceptual matter, of course, there is no difference between the taxpayer attempting to predicate reasonable cause on the Starke notes and the government seeking to support the penalty with a comparable document. For example, we could certainly produce witnesses to testify that, in the IRS's view as of 2000 or 2001, transactions like that at issue here lacked economic substance and should therefore be penalized. One can only imagine the vehemence with which plaintiffs would (rightly) resist such evidence.

[18] Moreover, by arguing on the one hand that the notes provide a reasonable basis for their position but at the same time disclaiming (as they must) any reliance on them, plaintiffs ultimately seek to offer opinion testimony on a question of domestic law. That is, it is implicit in their contention that the notes provide a reasonable basis because they are either correct about the law or, if the notes are incorrect, are incorrect even though a knowledgeable IRS employee wrote them. However, courts routinely exclude testimony on the law because it is not a proper subject for expert testimony under Fed. R. Evid. 702. *See, e.g., Aguilar v. Int'l Longshoremen's Union Local # 10*, 966 F.2d 443, 447 (9th Cir. 1992); *Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1043-47 (D. Ariz. 2005). To the contrary, it is this Court's exclusive duty to decide whether the relevant legal authorities provided plaintiffs with a "reasonable basis" for their reporting position, and under Rule 702, the opinion of a witness on the law cannot be a proper basis for this conclusion.

## III.

## THE STARKE NOTES ARE INADMISSIBLE HEARSAY

Plaintiffs present two arguments that the Starke notes are not hearsay, and further contend that, even if they are, they fall under the present sense impression and business records hearsay exceptions.[19] Plaintiffs' arguments are unpersuasive.

Plaintiffs' response itself makes clear that they are offering the Starke notes for their truth. They claim they are offering the Starke notes to prove "the Internal Revenue Service's belief that . . . sold call options were not liabilities within the meaning of Section 752."[20] The Starke notes, however, do not directly assert that sold call options are not liabilities under 26 U.S.C. § 752. Rather, at best, they assert that particular individual employees of the Service *said* that sold call options are not "obligations [liabilities?]" under § 752.[21] Thus, in order to ultimately infer from the Starke notes that the Service believed that sold call options were not liabilities under § 752, plaintiffs must overcome a hearsay objection to two levels of out-of-court statements: Mr. Starke's statements that employees of the Service made statements about § 752, and these statements about § 752 themselves.

---

[19]Plaintiffs' Response at 4-6.

[20]*Id.* at 4.

[21]By attempting to offer these second-level hearsay statements of Service employees, as recounted by Starke in his notes, on the proper treatment of contingent liabilities under § 752, plaintiffs ultimately seek to offer irrelevant opinion testimony on a question of domestic law. *See supra*, n.19. Thus, even if plaintiffs could overcome a hearsay objection to the first level of hearsay statement (which they cannot), it is immaterial whether the second level statements were offered for their truth.

Plaintiffs cannot overcome the objection that they are offering the first level of out-of-court statements, Mr. Starke's statements, for their truth. Plaintiffs can only infer that the Service believed that sold call options were not liabilities under § 752 from the supposed statements of Service employees to that effect if they can first establish that the Service employees actually made these statements. That Service employees made such statements, however, is precisely what plaintiffs claim the Starke notes assert. Therefore, plaintiffs are in fact offering Mr. Starke's statements in his notes for the truth of the matters they assert, making them hearsay.[22]

The Starke notes, furthermore, are not admissible as admissions by a party-opponent under Fed. R. Evid. 801(d)(2)(D), because neither Mr. Starke nor the second-level hearsay declarants whose comments Mr. Starke related in his notes were empowered to make admissions on legal issues before the Court in this case. As discussed above, plaintiffs offer the notes to establish purely legal conclusions, not facts, and the internal legal debates of government officials are not an appropriate basis from which to infer the official position of the government on a legal issue, since these debates may simply reflect individual views of government employees.[23] Furthermore, Mr. Starke and the second-level hearsay declarants could not have been empowered to make admissions on legal issues for purposes of this case, because the notes were made five years before the transactions at issue in this case occurred. Therefore, the Starke notes cannot be admitted against the United States as party-opponent admissions in this case.[24]

---

[22] *See* Fed. R. Evid. 801(c).

[23] *See supra,* pp. 5-6.

[24] There is, furthermore, some question as to whether Fed. R. Evid. 801(d)(2)(D) can ever apply to the statements of government agents. It is well-established that Rule 801(d)(2)(D) does not apply to government agents in criminal cases. *See, e.g., United States v. Arroyo,* 406 F.3d

The present sense impression exception to the hearsay rule does not apply to the Starke notes because this exception does not apply to statements that are the product of interpretation or evaluation of the declarant.[25] The justification for the present sense impression exception is that "substantial contemporaneity of event and statement negative the likelihood of deliberate or conscious misrepresentation."[26] This purpose is not fulfilled when a statement reflects the declarant's interpretations or evaluations of a conversation.[27] On their face, Starke's notes do not purport to be *verbatim* renderings of the statements made by the other IRS employees present at the meeting; rather, they appear to reflect his conclusions as to the opinions of the participants in

---

881, 888 (7th Cir. 2005). The rationale for this rule is that government agents have a duty to uphold the law which requires them to be "disinterested in the outcome of a trial," making "their statements seem less the product of the adversary process and hence less appropriately described as admissions of a party." *United States v. Kampiles*, 609 F.2d 1233, 1246 (7th Cir. 1979). At least two courts have extended this rationale to civil cases. *See Frey v. Dep't of Health & Human Servs.*, 106 F.R.D. 32, 37-38 (E.D.N.Y. 1985) (observing that "unlike a corporate party, the government also has a duty to advance the public's interest in achieving justice," and holding that statements of agency employees made during *ex parte* contacts by plaintiff's counsel were not party-opponent admissions under Rule 801(d)(2)(D)); *see also B.H. et al. ex rel. Monahan v. Johnson*, 128 F.R.D. 659, 663 (N.D. Ill. 1989) (following *Frey*).

This Court, however, has held on more than one occasion that particular statements by government agents were admissible under Rule 801(d)(2)(D). *See, e.g., See, e.g., Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 97 (2004) (collecting cases). None of these cases, however, has recognized that there is an issue as to whether the rationale for the rule concerning party-opponent admissions by government agents in criminal cases is such that the rule should extend to civil cases. For instance, the earliest case of this Court cited on the issue, *Clark v. United States*, 8 Cl. Ct. 649, 651 n.1 (1985), simply asserts that "statements of United States government officials concerning a matter within the scope of their employment are not hearsay," without further analysis or justification.

[25]*See Citizens Financial Group, Inc. v. Citizens Nat'l Bank of Evans City*, 383 F.3d 110, 122 (3d Cir. 2004); *United States v. Guevara*, 277 F.3d 111, 127 (2d Cir. 2001); *In re Cirrus Logic Sec. Litigation*, 946 F. Supp. 1446, 1469 (N.D. Cal. 1996).

[26]1972 Advisory Committee Report to Fed. R. Evid. 803.

[27]*In re Cirrus Logic Sec. Litigation*, 946 F. Supp. at 1469.

the meeting. The only authority cited by plaintiffs concerned *verbatim* renderings of statements of others, and hence is distinguishable.[28] Further, plaintiffs are unable to establish proper foundation for applicability of the exception, because Starke has previously testified that he has no recollection of the meeting where the notes were taken.[29] Therefore, the Starke notes are not admissible under the present sense impression exception.

Finally, the business records exception does not apply to the Starke notes because it was not the "regular practice" of the IRS to create meeting notes such as Starke's notes.[30] In order for a record to fall under the business records exception, the declarant who produced the record must have a business duty to make the statements contained in the record.[31] As this Court recently observed in *Westfed Holdings, Inc. v. United States*,[32] informal internal communications that are created not pursuant to a business duty but at the author's discretion "raise motivational concerns and lack the reliability and trustworthiness that business records are ordinarily assumed to

---

[28]*See Cargill, Inc. v. Boag Cold Storage Warehouse, Inc.*, 71 F.3d 545, 554-55 (6th Cir. 1995) (holding that statements in notes taken by one employee that relayed statements by other employees that they observed specific production codes on processed turkeys in the course of an internal investigation were admissible).

[29]*Jade Trading* Transcript at 748:17-21; 765:10-12. *See Hosp. Bldg. Co. v. Trustees of the Rex Hosp.*, 791 F.2d 288, 293 (4th Cir. 1986) (holding that proponent of hearsay meeting notes failed to establish foundation for present sense impression exception where hearsay declarant testified at trial that "he could not recall the specific meeting at which he took the notes," and that "the notes were not intended to be a transcript of the meeting").

[30]*See* Fed. R. Evid. 803(6) (business records exception applies only if record is "kept in the course of regularly conducted business activity, and if it was the regular practice of that business activity to make the . . . record").

[31]*See Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1347 (Fed. Cir. 1999).

[32]55 Fed. Cl. 544, 566 (2003), *rev'd on other grounds*, 407 F.3d 1352 (Fed. Cir. 2005).

have."[33] Such communications do not fall under the business records exception even if they are "drafted as part of a regular business activity and routinely maintained in a business file."[34] It is plain from Starke's notes themselves that were not taken pursuant to a duty to take "minutes" or to summarize the proceedings of the meeting, but rather were informal notes taken solely at Starke's discretion.[35] Consequently, following *Westfed*, they do not fall under the business records exception.

Furthermore, plaintiffs offer no explanation of how they will satisfy the foundational requirements of the business records exception. Plaintiffs cannot rely on Starke himself to provide the needed foundational testimony, as he previously testified in *Jade Trading* that he has no recollection of taking the notes.[36] Nor do plaintiffs offer any indication of how they might otherwise satisfy the foundational requirements of the exception.

---

[33] *Westfed Holdings, Inc. v. United States*, 55 Fed. Cl. 544, 566 (2003), *rev'd on other grounds*

[34] *See id.*

[35] *See* Starke Notes at 10810 (stating that "[t]hese are very loose notes").

[36] *Jade Trading* Transcript at 748:17-21; 765:10-12. *See Kolmes v. World Fibers Corp.*, 107 F.3d 1534, 1542 (Fed. Cir. 1997) (holding that documents did not satisfy business records exception where sponsoring witness "did not know when or how the documents were prepared").

## CONCLUSION

For all of the above reasons, in addition to those identified in the initial brief filed by the United States, the Starke notes should be excluded from evidence in this case. Moreover, even if admitted, the Starke notes should be accorded little or no weight for all of the same reasons.

Respectfully submitted,

s/Michael S. Raum
MICHAEL S. RAUM
Attorney of Record
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 353-3922

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STUART J. BASSIN
Senior Litigation Counsel
JENNIFER P. WILSON
Trial Attorney
JOSEPH B. SYVERSON
Trial Attorney

s/David Gustafson
Of Counsel

October 8, 2006