IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No's 04-1419 T, 05-1067 T

(Judge Mary Ellen Coster Williams)

K2 TRADING VENTURES, LLC,
NEW VISTA, LLC, TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**RESPONSE BY THE UNITED STATES TO PLAINTIFFS' MOTION TO AMEND WITNESS LIST**

Plaintiffs have moved for an order allowing them to amend their witness list, 54 days after the list was due, to add ten new witnesses. Because the time for filing a final witness list has passed and the plaintiffs have not articulated a "compelling reason" for their failure to include the new witnesses on their original witness list, as required by the Rules of this Court, the Court should deny this motion.[1] Plaintiffs' attempt to expand the scope of this case at the last minute is prejudicial to the United States because it will require the United States to undertake substantial additional preparation, and possibly additional discovery, a few weeks before an already complex, demanding trial, is scheduled to begin.

[1] Three of these witnesses—Greg Van Boxel, Lori Van Boxel, and Bob LaVallee—are currently on the United States's witness list, and so we do not object to their testimony.

## BACKGROUND

Pursuant to an agreement between the United States and plaintiffs, this Court issued an Amended Scheduling Order ("the Scheduling Order") on April 19, 2006. The Scheduling Order provided in relevant part as follows:

> 4) The parties shall meet in accordance with the requirements of the Rules of the Court of Federal Claims (RCFC) Appendix A ¶ 13 on or before August 28, 2006.
>
> 5) Plaintiffs shall serve Defendant with their Memorandum of Contentions of Fact and Law (Memorandum) in accordance with RCFC Appendix A ¶ 14 on or before July 28, 2006. Defendant shall serve Plaintiff with its responsive Memorandum on or before August 18, 2006. *Each Memorandum shall be accompanied by witness and exhibit lists*.[2]

Pursuant to ¶ 5 of the Scheduling Order, plaintiffs provided the United States with its witness list on July 28, 2006, and the United States provided plaintiffs with its list on August 18, 2006.

The parties held a pretrial meeting on August 23, 2006, as required by RCFC App. A, ¶ 13. On September 1, 2006, the parties filed a Joint Certification of Meeting of Counsel of this meeting as required by RCFC App. A, ¶ 13(d), certifying that they "accomplished all matters required by [¶ 13]." Under ¶ 13(b), the parties in a ¶ 13 meeting are required to—

> Exchange a list of names, addresses, and telephone numbers of witnesses, including expert witnesses, who may be called at trial for case-in-chief or rebuttal purposes, except those to be used exclusively for impeachment. Failure of a party to list a witness shall result in the exclusion of the witness's testimony at trial absent agreement of the parties to the contrary or a showing of a compelling reason for the failure.

The Joint Certification specifically verified that this requirement was satisfied, stating that "[p]rior to the meeting, counsel exchanged . . . lists of names and addresses of fact and expert

---

[2] Amended Sched. Order ¶¶ 4-5 (emphasis added).

witnesses who may be called at trial for case-in-chief or rebuttal purposes."

According to plaintiffs, each of their proposed new witnesses (except one) is a party to a lawsuit against, among others, New Vista, LLC, Ari Bergmann, and Smita Conjeevaram, three of the plaintiffs here.[3] Plaintiffs maintain that these witnesses "have knowledge of facts pertinent to the unrelated transactions which are the subject of the proposed testimony and 'pattern' evidence that Defendant seeks to elicit and which will assist the Court in developing a full understanding of those facts."[4]

Plaintiffs have long been on notice of the United States' intention to rely on what they term "pattern evidence"[5] and were unquestionably on notice prior to the July 28, 2006 deadline for providing their witness list. These plaintiffs were of course involved in the United States' efforts to develop this evidence through discovery in this case (including depositions and written discovery), and they are also aware of the United States' contentions concerning such evidence in *Jade Trading*.

Moreover, plaintiffs have known for months that the United States was in communication with the Van Boxels and LaVallee; on April 12, 2006, the United States provided supplemental disclosures identifying LaVallee (the VanBoxels were identified earlier) and providing documents obtained through informal contacts with the Van Boxels. (*See* April 12, 2006 Letter

---

[3] Pl. Mot. to Amend Witness List ¶ 4.

[4] *Id.*

[5] This evidence is crucial to the Court's understanding of the issues in the case. We incorporate by reference, but do not repeat here, our extensive discussion of the relevance of this evidence contained within our Response to "Plaintiff's Motion *in Limine* to Exclude Testimony and Evidence Which is not Relevant or is Prejudicial and a Waste of Time."

from Michael Raum to Mark Allison, attached as Tab A.) Counsel for the parties then informally discussed the possibility of depositing the Van Boxels and LaVallee, which plaintiffs chose not to do. Therefore, plaintiffs knew when they filed their witness list that the Van Boxels were very much "in play" as witnesses, and they were obliged to adjust their list to reflect this fact.

**ARGUMENT**

Paragraph 13(b)'s requirements are perfectly clear—a party must identify its trial witnesses at the time of the ¶ 13 pretrial meeting. Here, there is no doubt that plaintiffs have not complied with this rule as to the ten witnesses they now seek to add. The remedy for violating this rule is equally clear: "Failure of a party to list a witness shall result in the exclusion of the witness's testimony at trial[.]"

The Court should therefore exclude these witnesses unless plaintiffs can show "a compelling reason for the failure" to timely identify them.[6] Plaintiffs have failed to do so. Plaintiffs make only one attempt to offer such a reason, asserting that they are filing their motion "only after learning of new evidence with respect to these witnesses and their credibility subsequent both to the filing of Plaintiff's original witness list and receiving Defendant's witness and exhibit lists which included the purported pattern evidence."[7] This bare assertion simply does not permit the Court to assess whether plaintiffs have provided a "compelling reason," for at least three reasons.

---

[6] RCFC App. A, ¶ 13(b).

[7] Pl. Mot. ¶ 5.

First, plaintiffs do not identify the "new evidence" they claim to have discovered.[8] Thus, the Court cannot possibly assess whether this evidence provides plaintiffs with a compelling reason for their failure to timely identify their witnesses. Further, given their failure to identify the evidence, they have failed to explain how they would amend their witness list to "indicate the specific topics to be addressed in the expected testimony" of each of the new witnesses, as required by ¶ 13(b).

Second, because plaintiffs have failed to identify the purportedly new evidence, they make no showing that they did not obtain (nor any attempt to explain why they could not have obtained) this evidence in time to include the new witnesses on their witness list at the time directed by the Court. Paragraph 13(b) requires plaintiffs to provide a compelling reason not merely for a change to their witness list, but to provide a compelling reason for their "failure" to timely identify all the witnesses they wish to offer at trial. Thus, to establish a compelling reason for their failure, plaintiffs must explain why they could not have obtained this evidence in time to permit timely identification of the witnesses. Plaintiffs, however, make no attempt to do this.

Finally, plaintiffs do not identify to which witnesses their claim to have learned new evidence refers. If they mean the witnesses listed in their motion to amend other than the Van Boxels and LaVallee, the claim is meaningless; those other witnesses are not being called by the

---

[8] Further, although the United States has no obligation to do so as the nonmoving party, we are in no position to analyze the significance of this purportedly new evidence independently. For example, we note that plaintiffs have also modified their exhibit list to add 96 new exhibits, including deposition transcripts of these witnesses from the state court case to which they are all plaintiffs (we have separately moved to exclude these exhibits). Assuming these depositions contain testimony similar to what plaintiffs intend to solicit from these witnesses (which seems the only logical reason to list them as exhibits), they might provide an insight into the proposed testimony. However, plaintiffs have yet to provide us with these deposition transcripts, so we cannot even begin to analyze independently the potential testimony.

United States, and so the evidence they might offer, as well as their credibility, is not an issue.[9]

Recently, in *Jade Trading, LLC v. United States*,[10] this Court applied the closely analogous provisions of RCFC App. A, ¶ 13(a) and reached a similar conclusion to exclude evidence in a context similar to that at issue here. Paragraph 13(a) requires counsel to "[e]xchange a list of all exhibits (including summaries, see Fed. R. Evid. 1006) to be used at trial for case-in-chief or rebuttal purposes, except those to be used exclusively for impeachment." When a party lists a summary exhibit, ¶ 13(a) requires the party to

> provide opposing counsel with a statement with respect to each summary exhibit describing the source(s) for the items or figures listed (*e.g.,* ledgers, journals, payrolls, invoices, checks, time cards, etc.), the location(s) of the source(s), a time when the source(s) may be examined or audited by the opposing party, the name and address of the person(s) who prepared each summary and who will be made available to the opposing party during any examination or audit of the source material to provide information and explanations necessary for verification of the information in the summary.

Paragraph 13(a), employing language similar to that in ¶ 13(b), provides that "[f]ailure to list an exhibit shall result, absent . . . a showing of a *compelling reason for the failure*, in an exclusion of the exhibit at trial." (Emphasis added.) Following well-established principles of construction, the Court should interpret this language as used in ¶ 13(b) in the same way it interpreted it in *Jade Trading* as used in ¶ 13(a).[11]

---

[9] We assume plaintiffs do not mean to suggest that they have new evidence which they must offer through these witnesses in their case in chief, given their statement (at ¶ 3) that they will offer these witnesses only in response to what they call "pattern evidence."

[10] 67 Fed. Cl. 608 (2005).

[11] *See, e.g., Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003) (if same term is used in more than one place in a single statutory enactment, the different uses of the term should be given the same construction).

In *Jade Trading*, the Court applied the "compelling reason" standard of ¶ 13, and excluded a summary exhibit offered by the United States on grounds that the United States had not provided the plaintiffs with either the information relating to the exhibit or the exhibit itself at the ¶ 13 pretrial meeting, as required by ¶ 13(a), and had not "articulate[d] a 'compelling reason for its failure' to do so as required by RCFC Appendix A[.]"[12] Similarly, plaintiffs in this case failed timely to identify their witnesses at the ¶ 13 pretrial meeting, and, as demonstrated above, have failed to articulate a "compelling reason for their failure" to timely list the new witnesses. Further, plaintiffs' identification of their new witnesses is 18 days later than the untimely disclosure of the exhibit in *Jade Trading.*[13] Therefore, following its *Jade Trading* holding, this Court should deny plaintiffs' motion and exclude the testimony of plaintiffs' new witnesses.

[12] *Jade Trading*, 67 Fed. Cl. at 615.

[13] *See id.* (summary exhibit exchanged 36 days after deadline).

**CONCLUSION**

Plaintiffs failed timely to identify the witnesses they seek to add to their witness list, and they have failed even to articulate a compelling reason for this failure. Under this Court's Rules and precedent, this failure requires exclusion of the witnesses' testimony. Plaintiffs' motion, therefore, should be denied.

Respectfully submitted,

s/Michael S. Raum
MICHAEL S. RAUM
Attorney of Record
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 353-3922

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STUART J. BASSIN
Senior Litigation Counsel
JENNIFER P. WILSON
Trial Attorney
JOSEPH B. SYVERSON
Trial Attorney

s/David Gustafson
Of Counsel

October 6, 2006