IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No's 04-1419 T, 05-1067 T

(Judge Mary Ellen Coster Williams)

K2 TRADING VENTURES, LLC,
NEW VISTA, LLC, TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**MOTION BY THE UNITED STATES**
**TO EXCLUDE PLAINTIFFS' NEW EXHIBITS**

The United States moves to exclude certain exhibits identified as trial exhibits for the first time on September 15, 2006, when plaintiffs delivered a revised exhibit list to the United States.[1] The majority of plaintiffs' new exhibits relate to the ten witnesses that plaintiffs have requested leave to add to their trial witness list. The United States is filing herewith an opposition to plaintiffs' request to amend their witness list, because the time for filing a witness list has passed and the United States is prejudiced by the addition of the witnesses. Similarly, the newly identified exhibits related to the proposed new witnesses should be excluded for three reasons: (1) they were identified as exhibits after the deadline; (2) the majority were produced for the first

[1] The United States files this motion after the deadline for filing motions *in limine*, which was September 8, 2006, pursuant to the Court's April 19, 2006 scheduling order, because it received plaintiffs' revised exhibit list after the deadline had passed. The United States attaches plaintiffs' revised exhibit list to this motion because it has not yet been filed with the Court.

time after the close of discovery, and some have still not been produced to date; and (3) they relate to the proposed new witnesses and, once the Court denies the motion to amend plaintiffs' witness list, they become logically irrelevant. Plaintiffs' use of the newly identified exhibits at trial, which comprise over 10,000 pages of previously undisclosed information, would be prejudicial to the United States because it would require the United States to undertake substantial additional preparation, and possibly additional discovery, a few weeks before an already complex, demanding trial, is scheduled to begin.

**BACKGROUND**

Pursuant to the Court's April 19, 2006, scheduling order, plaintiffs filed their exhibit list on July 28, 2006, and the United States filed its exhibit list on August 18, 2006. The parties agreed that their respective exhibit lists would be revised after the August 23, 2006, meeting of counsel – during which joint exhibits were discussed and agreed upon – in order to *remove* exhibits from the respective lists that were designated as joint exhibits. The United States also agreed that plaintiffs could supplement their exhibit list, if necessary and to a limited extent, after plaintiffs had reviewed the United States' exhibit list. Counsel for the United States understood that any additions would be modest and would of course be limited to documents that had been produced during discovery. As agreed by the parties, the parties exchanged revised exhibit lists on September 15, 2006.[2]

Rather than making only modest additions, plaintiffs added a total of 96 new exhibits to their list, totaling over 10,000 pages. Seventeen of these new exhibits were either discussed

---

[2]Because plaintiffs' revised exhibit lists has not yet been filed with the Court, the United States attaches plaintiffs' revised exhibit list to this motion. The highlighting in the exhibit list was provided by plaintiffs, not the United States.

specifically with the United States prior to their inclusion or are of the type covered by the parties' agreement about exhibit list supplementation.[3] Accordingly, the United States does not now move to exclude these exhibits as untimely.[4] However, 79 of the new exhibits relate to the witnesses whom plaintiffs are seeking to add to their witness list. The descriptions of plaintiffs' exhibits P154-P241 make this connection apparent. For example, P154 is described as "Investment Advisory and Consulting Agreement (Andresen)" and one of plaintiffs' proposed new witnesses is Richard C. Andresen. The majority of the other new exhibits are similarly identified.

These exhibits were not discussed with the United States prior to their inclusion on plaintiffs' revised exhibit lists. In fact, only 11 of the 79 new exhibits were produced during discovery.[5] The remaining 68 new exhibits were never produced during discovery and were identified (by description only) to the United States for the first time on September 15, 2006, less than two months before trial.[6] While 38 of these exhibits were produced to the United States on

---

[3] These exhibits include P76, P120, P121, P137, P140, P141, P152, P206-P211, P214, P216, P217, and P242. Included in this category are those exhibits related to the Van Boxels that have been produced to the United States to date. However, the exhibits related to the Van Boxels that have not yet been produced (P213, P215, P218, and P227) are subject to this motion. If and when those exhibits are eventually produced, we may be able to reach an agreement with respect to these exhibits.

[4] The United States may have other objections to the admissibility of these seventeen exhibits which will be identified when we file exhibit objections with the Court on or before October 25, 2006, pursuant to the Court's April 19, 2006, scheduling order.

[5] These exhibits include P155, P157, P164-P166, P177, P182, P183, P188, P189, and P201.

[6] These exhibits include P154, P156, P158-P163, P167-P176, P178-P181, P184-P187, P190-P200, P202-P205, P212, P213, P215, and P218-P241.

September 20, 21, and 25, 2006, 28 of these exhibits have not yet been produced to the United States as of the filing date of this motion. Several of the new exhibits that were produced recently are voluminous; 12 exhibits[7] alone comprise 9,231 pages (whereas the total number of pages produced by plaintiffs during discovery was about 13,000 pages).

## ARGUMENT

Plaintiffs' 79 new exhibits should be excluded for three reasons. First, they were identified as trial exhibits 49 days after the deadline for identifying exhibits. Second, 68 of these exhibits were not produced before the close of fact discovery; indeed, some have yet to be disclosed. Finally, the majority of the exhibits relate to the new witnesses plaintiffs have identified, and once the Court denies plaintiff's motion to add these witnesses, these documents become logically irrelevant. Plaintiffs' use at trial of these exhibits – which comprise 10,000 pages of new material never previously seen by the United States – would prejudice the United States.

### 1. Because the 79 new exhibits were not timely listed as trial exhibits, they should be excluded from evidence at trial.

Pursuant to the Court's scheduling order dated April 19, 2006, plaintiff was required to serve the United States with its exhibit list by July 28, 2006. In addition, ¶ 13(a) of Appendix A of this Court's rules, requires that, at least 63 days prior to trial, the parties shall:

> Exchange a list of all exhibits . . . to be used at trial for case-in-chief or rebuttal purposes, except those to be used exclusively for impeachment. . . . Unless previously exchanged, counsel for the parties shall exchange a copy of each exhibit listed. . . . Failure to list an exhibit shall result in exclusion of the exhibit at trial absent agreement of the parties to the contrary or a showing of a compelling reason for the failure.

[7] These exhibits include P228-P239.

Accordingly, plaintiffs were required to provide a complete list of exhibits (other than those to be used exclusively for impeachment) by no later than September 5, 2006 (63 days before trial), absent an agreement of the parties to the contrary. The United States agreed that plaintiffs would have until September 15, 2006, to supplement their exhibit list, if necessary and to a limited extent, after reviewing the United States' exhibit list, but it was understood that plaintiffs' additions would be modest and would of course be limited to documents produced during discovery.

The United States certainly did not agree to the significant expansion of plaintiffs' exhibit list. In fact, there is no reason why plaintiffs could not have listed these exhibits in their original exhibit list. As a result, plaintiffs' 79 new exhibits have been listed 49 days too late and should be excluded pursuant to ¶ 13(a) of Appendix A unless plaintiffs can demonstrate a "compelling reason" for their failure to comply with the Court's scheduling order and the requirements of Appendix A.

Recently, in *Jade Trading, LLC v. United States*,[8] this Court applied RCFC Appendix A, ¶ 13(a) and excluded evidence in a context nearly identical to that at issue here. The Court excluded summary exhibits prepared by the United States because, among other reasons, the exhibits were disclosed 36 days after the deadline imposed by the Court's scheduling order, and because the United States did not articulate a "compelling reason" for the late disclosure.[9] Similarly, plaintiffs in this case failed timely to identify the 88 new exhibits on their original

---

[8] 67 Fed. Cl. 608 (2005).

[9] *Id.* at 615.

exhibit list, as required, or, at the latest, during the pretrial meeting of counsel that occurred on August 23, 2006. Unless plaintiffs can demonstrate a "compelling reason" for their failure to timely list these exhibits, the Court should exclude plaintiffs' new exhibits following its *Jade Trading* holding.

**2. Because 68 of plaintiffs' new exhibits were not disclosed during discovery, they should be excluded from evidence at trial.**

Even assuming that plaintiffs can demonstrate a "compelling reason" for their failure to list these exhibits in a timely manner, 68 of the new exhibits must be excluded because they were not produced during discovery. Paragraph 13(a) of Appendix A specifically references RCFC 26(a)(1), which provides:

> . . . [A] party must, without awaiting a discovery request, provide to other parties:
>
> (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

According to RCFC 26(e)(1), a party is under a duty to supplement its disclosures under RCFC 26(a)(1) "if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Pursuant to RCFC 37(c)(1), a party that—

> without substantial justification fails to disclose information required by RCFC 26(a) or RCFC 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed.

Here, plaintiffs failed to disclose 68 of the new exhibits during discovery despite the fact that they clearly intend to rely upon them at trial in support of their claims and/or to rebut

evidence offered by the United States. Plaintiffs cannot be permitted to use these 68 exhibits at trial unless (a) such failure is harmless or (b) plaintiffs can demonstrate substantial justification for their failure. Plaintiffs' failure to produce these documents during discovery is not harmless. The United States is confronted with 68 exhibits it has never seen before in connection with seven new witnesses less than two months before trial. These exhibits comprise a total of more than 10,000 pages. In addition, the United States still has not seen 28 of the exhibits to date. This is already a complex, demanding case with a large number of witnesses and exhibits, and plaintiffs' new exhibits and witnesses expand considerably the preparation required in a short period of time. Plaintiffs' attempt to expand the scope of this case at the last minute is prejudicial to the United States. As to the "substantial justification" issue, that is plaintiffs' burden to meet, and the United States will respond to plaintiffs' argument on this issue, if any, when it submits a reply to plaintiffs' response.

**3. Because the majority of the new exhibits relate to plaintiffs' proposed new witnesses, they will become logically irrelevant after the Court denies plaintiffs' motion to amend their witness list.**

Plaintiffs propose to offer the majority of their 79 new exhibits in connection with the testimony of their proposed new witnesses, which testimony is supposedly intended to rebut the testimony of Greg and Lori Van Boxel and Bob LaVallee in addition to evidence of other related transactions.[10] However, as is explained in our opposition to plaintiffs' motion to amend their witness list, there is no basis for adding these witnesses. Put simply, the Van Boxels and LaVallee were disclosed as potential trial witnesses by no later than April 12, 2006, and the evidence of other related transactions was the subject of extensive discovery in this case.

[10] *See* Plaintiffs' Motion to Amend Its Trial Witness List at ¶¶ 1, 3, 4.

Therefore, plaintiffs cannot have been surprised to learn that the Van Boxels and LaVallee were listed as trial witnesses by the United States and that a portion of the exhibits listed by the United States address other related transactions. Plaintiffs should reasonably have anticipated these witnesses, and the attendant exhibits, when preparing their original exhibit list, but failed to do so. The Court should therefore exclude these witnesses, and when it does so, the documents related to them become logically irrelevant.

**CONCLUSION**

For the foregoing reasons, the Court should exclude plaintiffs' 79 new exhibits from use at trial.

Respectfully submitted,

s/Michael S. Raum
MICHAEL S. RAUM
Attorney of Record
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 353-3922

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STUART J. BASSIN
Senior Litigation Counsel
JENNIFER P. WILSON
Trial Attorney
JOSEPH B. SYVERSON
Trial Attorney

October 6, 2006

s/David Gustafson
Of Counsel