IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| K2 TRADING VENTURES, LLC, NEW VISTA, LLC, TAX MATTERS PARTNER, Plaintiff, | ) | Nos. 04-1419T, 05-1067T |
| v. | ) | Judge Mary Ellen Coster Williams |
| THE UNITED STATES, Defendant. | ) | |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EVIDENCE WHICH IS NOT RELEVANT OR IS PREJUDICIAL AND A WASTE OF TIME**

**Mark D. Allison, Esq.**
**Felix B. Laughlin, Esq.**
**John F. Collins, Esq.**
**Dewey Ballantine LLP**
**1301 Avenue of the Americas**
**New York, New York 10019**
**Telephone: 212/259-8000**

TABLE OF CONTENTS

Introduction....................................................................................................1

Argument .........................................................................................................2

I. The Proposed Testimony And Evidence Are Not Relevant To Any Issue In This Case..............................................................................................2

A. The Proposed Testimony and Evidence are not probative of the K2 Trading investors' intent ......................................................................2

B. K2 Trading is not part of Defendant's suggested pattern........................4

C. The case law cited by Defendant is inapplicable ...................................5

II. The Proposed Testimony And Evidence Are Prejudicial And Admission of Such Testimony And Evidence Would Be A Waste Of Time..........................6

III. The Van Boxels, And Others, Are Obstructing The Court's Review Of Their Transactions ......................................................................................8

Conclusion ......................................................................................................11

# TABLE OF AUTHORITIES

CASES

Amoco Prod. Co. v. Forest Oil Co., 844 F.2d 251 (5th Cir. 1988)....................................3

Coltec Ind. v. United States, No. 01-72T (Fed. Cl. May 14, 2003)...................................3

Dewees v. Commissioner, 870 F.2d 21 (5th Cir. 1989) ................................................5, 6

Faison v. Nationwide Mortgage Corp., 839 F.2d 680 (D.C. Cir. 1987).............................7

Food Lion, Inc. v. United Food and Commercial Workers Int. Union,
103 F.3d 1007 (D.C. Cir. 1997)...................................................................3

Fox v. Commissioner, 80 T.C. 972 (1983) ..........................................................................7

Gulf States Utilities Co. v. Ecodyne Corp., 635 F.2d 517 (5th Cir. 1981)..........................7

Jade Trading, LLC v. United States, No. 03-2164T .........................................................6

Karme v. Commissioner, 673 F.2d 1062 (9th Cir. 1982) ..................................................6

Schultz v. Butcher, 24 F.3d 626 (4th Cir. 1994)................................................................7

Sochin v. Commissioner, 843 F.2d 351 (9th Cir. 1988)....................................................5

FEDERAL RULES OF EVIDENCE

Fed. R. Evid. 403 ..............................................................................................7

Fed. R. Evid. 602 ..............................................................................................4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| K2 TRADING VENTURES, LLC, NEW VISTA, LLC, TAX MATTERS PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Nos. 04-1419T, 05-1067T<br>Judge Mary Ellen Coster Williams |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EVIDENCE WHICH IS NOT RELEVANT OR IS PREJUDICIAL AND A WASTE OF TIME**

**INTRODUCTION**

Plaintiff, New Vista, LLC, the tax matters partner of K2 Trading Ventures, LLC ("K2 Trading"), files this Reply in further support of its Motion *In Limine* to Exclude Testimony and Evidence which is Not Relevant or is Prejudicial and a Waste of Time. The testimony and evidence which Plaintiff seeks to exclude (identified as the "proposed testimony and evidence" in Plaintiff's Motion) includes (i) testimony by individuals who played no role in the transaction at issue in this case and who have no personal knowledge of the transaction at issue in this case or the motives of the K2 Trading investors in executing this transaction, and (ii) evidence of unrelated transactions executed by unrelated individuals. While Defendant accuses Plaintiff of being "myopic" in its focus on the K2 Trading transaction (i.e., the transaction actually at issue in this case) (Response by the United States to Plaintiffs' Motion *In Limine* To Exclude

Testimony and Evidence ("Response") p.1), it is undeniably the case that the only transaction currently before the Court is the K2 Trading transaction.

Clearly, Defendant would prefer that the Court pre-judge the investment in K2 Trading in the same way Defendant did – and often does – by labeling any transaction it does not like a "tax shelter" and those involved in the transaction "promoters." Response pp. 5, 15. The goal in this action, however, is a judgment based on the facts and law of this case, through consideration of the facts of the investment in K2 Trading and the subjective intent of the K2 Trading investors in executing that investment, while excluding the intent of investors in other partnerships and the opinions of those other investors' personal tax advisors regarding those unrelated transactions. Thus, even if Defendant were correct – which it is not – that Sentinel Advisors, LLC ("Sentinel") and New Vista developed and promoted the so-called "Option Spread Transaction" (Response pp. 5-6), that fact is immaterial and irrelevant to determining the intent of the K2 Trading investors in engaging in a separate and distinct transaction.

**ARGUMENT**

I. <u>The Proposed Testimony And Evidence Are Not Relevant To Any Issue In This Case</u>

A. *The Proposed Testimony and Evidence are not probative of the K2 Trading investors' intent.*

In response to Plaintiffs' motion *in limine*, Defendant asserts that the proposed testimony and evidence are "crucial" to prove the subjective intent of the investors in K2 Trading. Response p. 3. That assertion, however, ignores the fact that the proposed testimony and evidence concern transactions and events which are separate and distinct and wholly irrelevant to the transaction at issue in this case and the intent of the K2 Trading investors. In fact, none of the proposed witnesses has personal

knowledge of the transactions involving K2 Trading and its investors and, likewise, the testimony and evidence related to these witnesses and their transactions are similarly not relevant to K2 Trading.

Defendant hopes that the Court will ignore the unique facts of the K2 Trading investment in favor of a "pattern" Defendant suggests can be inferred from the proposed testimony and evidence. This hope ignores, however, that a taxpayer's subjective intent – the only intent relevant in this case – may not be proven with "pattern evidence" of other taxpayers' subjective motivations. This is certainly the case where the taxpayer or the transaction at issue is unrelated to the taxpayers or transactions with respect to which evidence is offered. See Food Lion, Inc. v. United Food and Commercial Workers Int. Union, 103 F.3d 1007, 1013 (D.C. Cir. 1997) (holding that documents relating to corporate campaigns executed by non-party unions against non-party employers were not relevant to a determination of the defendant's subjective intent); Coltec Ind. v. United States, No. 01-72T (Fed. Cl. May 14, 2003) (citing Food Lion, Inc. and holding that documents prepared by the plaintiff's accounting firm for taxpayers unrelated to the plaintiff, none of which was a party to the litigation, were not relevant to the issue of the plaintiff's subjective intent); Amoco Prod. Co. v. Forest Oil Co., 844 F.2d 251, 257 (5th Cir. 1988) (holding that an unrelated agreement, though executed by the parties, was not relevant to a determination of the parties' intent with respect to the subject agreement).

Defendant's proposed witnesses – Charles Bee, R. Richard Brown, Lawrence Cohen, Denis Field, David DiMuzio, William Bricker, Bob LaValle, Greg Van Boxel, and Lori Van Boxel – are not parties to this case or related to a party in this case,

and do not have any knowledge of the specific transaction at issue in this case. Because the proposed testimony of these individuals is not relevant to the determination of the subjective intent of the investors in K2 Trading, it should be excluded.[1] Defendant's proposed evidence of communications between Messrs. Bee, Brown, and Cohen, or other employees of BDO Seidman LLP ("BDO Seidman"), and Sentinel Advisors, LLC ("Sentinel"), as well as documents relating to the Van Boxels' investments and other clients of New Vista or Sentinel, suffer from the same flaw and similarly should be excluded.

B. *K2 Trading is not part of Defendant's suggested pattern.*

The facts of this case do not fit the "pattern" of the proposed testimony and evidence. For example, in nearly all of the transactions comprising the "pattern" evidence, there is no indication whether the investors engaged in restriking of the options for cash profits. In contrast, in this case the investors engaged in restriking of the profits and earned 12 percent profits in just one week. In nearly all of the transactions comprising the "pattern" evidence, the investors apparently received tax advice during the transaction from BDO Seidman and subsequent legal or tax opinions from a law firm. In this case, the investors never discussed the transaction with any employee of either BDO Seidman or any law firm, and only one investor received any tax advice (but only after the transaction had been terminated). In nearly all of the transactions comprising the "pattern" evidence, the investors apparently claimed tax benefits relating to their

---

[1] As indicated in Plaintiff's motion *in limine*, Charles Bee, R. Richard Brown, Lawrence Cohen, Denis Field, David DiMuzio, William Bricker, Bob LaValle, and the Van Boxels do not have any personal knowledge of the K2 Trading investors' subjective intent and, therefore, the proposed testimony also should be excluded under Fed. R. Evid. 602. Plaintiff's Mot. at 7.

withdrawal from partnerships to which they had transferred options. In this case, with only a small, minor exception, no such tax benefits have been claimed. In nearly all of the transactions comprising the "pattern" evidence, the investors paid fees for a variety of services (including to New Vista for investment advice). In this case, no such fees were paid to any party (except a nominal amount paid by one investor for after-the-fact tax advice). In nearly all of the transactions comprising the "pattern" evidence, the investors withdrew from the partnerships within two to three months. In this case, the investors, with one exception, maintained their interests in K2 Trading for about eleven months.

Given the differences between the facts of this case and Defendant's proposed "pattern" testimony and evidence, the proposed testimony and evidence are irrelevant and not probative of the K2 Trading investors' subjective intent.[2]

C. *The case law cited by Defendant is inapplicable.*

Defendant cites three cases in support of its claim that "pattern" evidence regarding unrelated transactions is admissible. The first two cases, Sochin v. Commissioner, 843 F.2d 351 (9th Cir. 1988), and Dewees v. Commissioner, 870 F.2d 21 (5th Cir. 1989), rely on facts that do not exist in this case. In both of those cases, the "pattern" evidence concerned transactions and cases which, following a review by the Tax Court, were determined to be significantly similar to the transactions at issue and which were, therefore, consolidated for consideration by the Tax Court. Sochin, 843 F.2d

[2] It is significant to note that, contrary to the evidence of their investment, the Van Boxels are likely to testify that their intent in investing in options and a partnership with the advice of New Vista was solely to achieve tax benefits through redeeming their interest in the partnership and selling the assets received in redemption. Plaintiff intends to disprove any such assertion through documents and testimony given in the Michigan litigation brought by the Van Boxels against Mr. Bergmann and Ms. Conjeevaram which, for the reasons discussed below, Plaintiff has been precluded from disclosing in significant part to this point.

at 353 n.4; Dewees, 870 F.2d at 22, 31. In fact, the Dewees Court specifically noted that it had "devoted considerable efforts to understanding, in detail, the typical transactions before us." 870 F.2d at 22. This is certainly not the case in this matter, where the Van Boxels' transaction, and those related to the other proposed testimony and evidence, have not been considered by this Court and have not been consolidated by the Court for a joint determination. Indeed, when Defendant sought to consolidate this case with Jade Trading, LLC v. United States, No. 03-2164T, the Court denied such motion.

In the final case relied on by Defendant, Karme v. Commissioner, 673 F.2d 1062 (9th Cir. 1982), the evidence concerned the role played by a tax advisor for the Karmes and the same role played by the same tax advisor with other investors in the "pattern" transactions. Id. at 1064. Such circumstances are not present in this case. Defendant here seeks admission of evidence regarding purported advice given by the principals of New Vista to the Van Boxels, and others, as relevant to the intent of those same principals in engaging in their own personal investment a full year later. Thus, Defendant mistakenly assumes – without factual support – that the K2 Trading investors considered themselves to be similarly situated to the Van Boxels and others to whom they provided investment advice a year earlier. There is no evidence that the advice given to the Van Boxels is probative of the rationale for the investment by the investors in this case and, indeed, that is not the case.

## II. The Proposed Testimony And Evidence Are Prejudicial And Admission of Such Testimony And Evidence Would Be A Waste Of Time

Even if the proposed testimony and evidence were somehow relevant to the determination of the subjective intent of the investors in K2 Trading, the probative value of such testimony and evidence is substantially outweighed by the danger of unfair

prejudice or considerations of undue delay or waste of time in violation of Fed. R. Evid. 403. Defendant suggests that its evidence should be admitted even if it has little, if any, relevance because this is a bench trial. Response p. 18. This argument ignores the Court's inherent discretion to exclude evidence which will not assist it in making a judgment on the merits of the case actually pending before the Court. Notably, the cases relied by Defendant in making the assertion that evidence of little to no relevance should be admitted in a bench trial specifically state that "[e]xcluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power . . . ." Gulf States Utilities Co. v. Ecodyne Corp., 635 F.2d 517, 519 (5th Cir. 1981); Schultz v. Butcher, 24 F.3d 626, 632 (4th Cir. 1994) (quoting Gulf States). If exclusion of *relevant* evidence is appropriate, exclusion of irrelevant or merely marginally relevant evidence is even more so.

Moreover, "pattern" evidence, such as the proposed testimony and evidence, has been rejected as prejudicial and causing undue delay and waste of time. See Faison v. Nationwide Mortgage Corp., 839 F.2d 680, 689 (D.C. Cir. 1987) (holding that evidence of prior loan settlements in which members of the defendant's law firm participated were at most "marginally relevant" to the issue of whether the defendant was liable for fraud but were more prejudicial than probative and, therefore, were inadmissible); Fox v. Commissioner, 80 T.C. 972, 1005 (1983) (holding that proposed testimony and exhibits relating to the profitability of certain partnerships, other than the two partnerships at issue, were not admissible and stating that, to consider the profit history of the other partnerships, the court would have to "try the cases of all the[] other

partnerships simultaneously with the case of the instant two partnerships. Principles of efficient judicial administration would not be served by such a course.").

As stated previously, the proposed testimony and evidence are unrelated to the parties in this case and the transaction at issue. If this evidence were admitted, the Court would be required to examine each of the unrelated transactions, compare and contrast those transactions with the transaction at issue, ascertain the subjective intentions of the unrelated investors, and explain or defend their intentions and transactions. This trial within a trial would be made especially difficult by the fact that many of the transactions which are the subject of the proposed testimony and evidence are themselves in litigation. Included among such litigation is the Van Boxels' personal lawsuit against Mr. Bergmann and Ms. Conjeevaram, which thus requires a full examination of the Van Boxels' bias in any testimony they give, as well as a full exploration of their inconsistent statements and contradictory documents which have been discovered during the course of their lawsuit (and which, as discussed below, also raise other questions about their involvement in this case). This is the can of worms Defendant seeks to open through the proposed testimony and evidence.

Given that the proposed testimony and evidence do not bear on the subjective intent of the investors in K2 Trading, the probative value of the evidence clearly is outweighed by concerns of prejudice, undue delay, and waste of time. Accordingly, such evidence should be excluded.

## III. The Van Boxels, And Others, Are Obstructing The Court's Review Of Their Transactions

As noted above, admission of the proposed testimony and evidence requires a full review of the transactions underlying that testimony and evidence. The

Van Boxels, and others, while assisting Defendant in its case, are also obstructing a full review of those transactions.

In response to the proposed testimony and evidence, Plaintiff supplemented its exhibit list (as it explicitly reserved the right to do in its initial exhibit list filed with the Court) to include materials related to the personal litigation brought by the Van Boxels and others in Michigan state court. These materials are only necessary to the extent Plaintiff's motion *in limine* is denied and Defendant is permitted to introduce the proposed unrelated "pattern" testimony and evidence, including that of the Van Boxels. Defendant objects to Plaintiff's supplemental evidence because, in part, Plaintiff has been unable to disclose at least some of these potential exhibits to Defendant. These undisclosed exhibits are subject to a confidentiality order in the Michigan litigation and the Van Boxels, and other plaintiffs in that case, have refused to waive the protection of that order with respect to the use of these exhibits in this case.

In the mean time, however, the Van Boxels and the other plaintiffs in the Michigan litigation have supplied the Defendant with materials which appear on the government's exhibit list, including Defendant's Exhibits 207-213.[3] Thus, either one of two events has happened: the Van Boxels have breached the confidentiality order in the Michigan case in providing materials to the government, or the Van Boxels are using the confidentiality order as both a sword and shield – helping the government on the one hand but then handcuffing the Plaintiff on the other. The fact that the Van Boxels, given their bias toward the investors in this case, are the gatekeepers of evidence being used in

[3] For consistency, Plaintiff continues to refer to Defendant's potential exhibits by their original numbers on Defendant's August 18, 2006 exhibit list, which list has since been supplemented and provided to Plaintiff.

this case only demonstrates the prejudice to Plaintiff that is occurring due to their presence in this case. Should this imbalance remain, Plaintiff will be further prejudiced by the admission of the proposed testimony and evidence because Plaintiff will not be permitted to attack or rebut such testimony and evidence.

## CONCLUSION

For all the reasons stated above and those stated in Plaintiff's Motion *In Limine* to Exclude Testimony and Evidence which is Not Relevant or is Prejudicial and a Waste of Time, the proposed testimony and evidence should be excluded.

Respectfully submitted,

s/ Mark D. Allison

Mark D. Allison
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone: (212) 259-6866
Facsimile: (212) 259-6333
E-mail: mallison@dbllp.com

Felix B. Laughlin, Esq.
John F. Collins, Esq.

COUNSEL FOR PLAINTIFF

Dated: October 10, 2006