IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| K2 TRADING VENTURES, LLC, NEW VISTA, LLC, TAX MATTERS PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Nos. 04-1419T, 05-1067T<br>Judge Mary Ellen Coster Williams |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SHIFT BURDEN OF PROOF**

## INTRODUCTION

Plaintiff, New Vista, LLC, the tax matters partner of K2 Trading Ventures, LLC ("K2 Trading"), respectfully files this Reply to Defendant's Response to Plaintiff's Motion to Shift Burden of Proof. As explained below, plaintiff has propounded more than the minimum amount of credible evidence in this case with respect to each of the factual issues in dispute, thus resulting in the required shift of the burden of proof to the government.

## ARGUMENT

I. The Issues Identified in Plaintiff's Motion Are Discrete Factual Issues Which Bear On The Resolution Of The Legal Questions In This Case

The defendant asserts that all of the issues identified in the motion to shift the burden of proof are legal questions rather than factual ones, suggesting that Section 7491 is thus not applicable. Such an assertion is simply erroneous.

Plaintiff has identified five factual issues in this case. The government has failed to identify any other factual issues that bear on this case. The factual issues in this case are (i) whether K2 Trading was formed and operated as a partnership, (ii) whether the investors contributed and assigned spread options and cash to K2 Trading, (iii) whether the transfer of the spread options had economic substance, (iv) whether the objective of K2 Trading and its partners was to earn pre-tax profit from its investments, and (v) whether the partners of K2 Trading received certain property in redemption from K2 Trading.

Defendant's claim that these five issues are legal issues and not factual issues misses the point. All issues in this case ultimately require a legal conclusion which this Court must reach. But the underpinning of such a legal conclusion is the determination of the facts that bear on the conclusion. Thus, for example, whether K2 Trading was a partnership for federal tax purposes requires a legal conclusion by the Court, but also requires a determination by the Court as to whether facts exist to support that conclusion. See Lundgren v. Commissioner, T.C. Memo 2006-177 (2006) (in a case where economic substance of a trust was at issue, the court found that the question was factual and noted that the taxpayer could have presented the trust document as credible evidence under Section 7491).[1] Plaintiff has propounded endless amounts of documents supporting that factual determination, ranging from K2 Trading's incorporation documents, the documents showing the capitalization of the partnership, the books and

[1] See also Rendall v. Commissioner, 92 T.C.M. (CCH) 157 (2006) (the worthlessness of stock shares was a factual issue for purposes of Section 7491); Bitker v. Commissioner, 86 T.C.M. (CCH) 72 (2003) (under Section 7491, the characterization of payments from a partnership to its partners was a factual issue); Bell v. United States, 2000 U.S. Dist. LEXIS 15108, at *6 (Sept. 11, 2000) (the issue of whether tax returns were filed late for reasonable cause was held to be a factual issue under Section 7491).

records of the partnership, the tax returns, and multiple other materials. These documents, nearly all of which are joint exhibits in this case, establish credible evidence that K2 Trading was indeed a partnership for federal tax purposes. If the government wants to dispute the legal conclusion that can be drawn from such evidence, it can attempt to introduce other evidence and apply its various theories to try and overcome plaintiff's evidence. But in doing so, the burden of proof is borne by the government as required by Section 7491.

The same is also true for each of the other issues in this case. In each instance, plaintiff has introduced evidence which, by itself, credibly establishes the factual basis for the legal conclusions sought by plaintiff. The government cannot simply declare that all of these issues are legal questions in order to circumvent its obligations; the defendant is required under the statute to prove its case with respect to these factual issues which, in turn, will lead the Court to its legal conclusions.

The circumstances of this case are no different than any other case under which Section 7491 is implicated. Anything short of summary judgment or a case in which the facts are fully stipulated requires that Section 7491 be taken into account, because the facts are in dispute in all other situations. See, e.g., Williams v. Commissioner, 123 T.C. 144, 145-46 (2004) (Section 7491 is inapplicable were the parties fully stipulated the facts of the case under Tax Court Rule 122); Nis Family Trust v. Commissioner, 115 T.C. 523, 538 (2000) (Section 7491 is irrelevant to a motion for judgment on the pleadings, because the only remaining issues for the court to decide are legal). No such motion or stipulation exists here; the government bears the burden of

proof as to each of the factual issues identified by plaintiff, which are apparently the only factual issues in dispute in this case.

Moreover, the government appears to concede that plaintiff has propounded credible evidence with respect to at least four of the five the factual issues in dispute. The defendant does not dispute the discrete factual issues of whether K2 Trading was formed and operated as a partnership entity and whether investors in K2 Trading received property in redemption of their partnership interests; defendant simply states that such issues involve questions of "sham in substance" rather than "sham in fact," but otherwise does not suggest that plaintiff has failed to propound the necessary minimum evidence. Def. Resp. at 4-6. Further, the defendant also does not dispute that the investors in K2 Trading contributed and assigned separately purchased and sold call options and cash to K2 Trading, and that the investors had the opportunity to realize pre-tax profit from their investments; rather, defendant simply states that such issues are legal questions and not factual ones, but otherwise does not suggest that plaintiff has failed to propound the necessary minimum evidence. Def. Resp. at 6-7, 8-9.

The defendant has simply failed to identify any reason why the evidence propounded by plaintiff does not establish the required minimum threshold of credible evidence in order to shift the burden of proof. The fact that the Court must ultimately deliberate and reach a legal conclusion is not an answer to the fact that the Court must also determine the facts in order to reach such legal conclusions.

II. The Plaintiff's Motion Is Timely

There is nothing in Section 7491 or its legislative history which indicates that a motion to shift the burden of proof cannot be decided prior to trial. In fact, the legislative history suggests that the burden of proof issue can be raised in advance of trial. "[I]f the taxpayer meets a test of keeping prudent records and of turning those records over to the IRS on a timely basis, once that transfer of records has occurred and the other requirements have been meet, then the burden of proof shifts to the Internal Revenue Service. . . ." 144 Cong. Rec. 56 (1988) (emphasis added).

As a result of the fact that the Tax Court does not typically publish pre-trial orders, very few published opinions will have occasion to discuss the propriety of deciding a Section 7491 issue before trial. Nonetheless, the Tax Court has decided the parties' burden of proof prior to trial in at least one case. See Henn v. Commissioner, 84 T.C.M. (CCH) 453 (2002) (resolving the parties' burden of proof under Section 7491 on a pre-trial motion). See also In re Industrial Commercial Electrical, Inc., 319 B.R. 35, 44 (D. Mass. 2004) (burden of proof was raised at a pre-trial evidentiary hearing and while the court believed that the IRS likely bore the burden of proof, the court ruled that the issue should be resolved at trial).

The requirement that evidence be subjected to the "critical analysis" of the Court is only necessary where such evidence is disputed or ambiguous. No such evidence is present here; defendant merely contends that its evidence can overcome plaintiff's documentary proof. Plaintiff's motion should be granted on the basis of the credible evidence it has introduced and in light of the fact that the defendant either does not dispute or has conceded the factual issues.

**CONCLUSION**

Because plaintiff has propounded credible evidence and the other requirements of Section 7491 have been stipulated, plaintiff's motion to shift the burden of proof to the government should be granted.

Respectfully submitted,

s/ Mark D. Allison

Mark D. Allison
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone: (212) 259-6866
Facsimile: (212) 259-6333
E-mail: mallison@dbllp.com

Felix B. Laughlin, Esq.
John F. Collins, Esq.

COUNSEL FOR PLAINTIFF

Dated: October 10, 2006