IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| K2 TRADING VENTURES, LLC, NEW VISTA, LLC, TAX MATTERS PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Nos. 04-1419T, 05-1067T<br>Judge Mary Ellen Coster Williams |

**PLAINTIFF'S REPLY TO UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION TO AMEND WITNESS LIST AND PLAINTIFF'S RESPONSE TO MOTION BY THE UNITED STATES TO EXCLUDE PLAINTIFFS' NEW EXHIBITS**

Plaintiff files this combined reply in further support of its motion to amend its witness list, which was filed on September 18, 2006, and in response to defendant's motion to exclude plaintiffs' new exhibits, which was filed on October 9, 2006. Plaintiff makes this combined reply because the identical issue is raised by both defendant's response to plaintiff's motion to amend witness list and its new motion to exclude plaintiff's exhibits. A related issue is discussed, at length, in plaintiff's motion *in limine* to exclude testimony and evidence. These issues all arise out of defendant's disclosure, through the witness and exhibit lists that it filed, that it intends to seek to have admitted as evidence in this action vastly excessive and irrelevant "pattern" testimony and exhibits.

The essential question in all of these motions is whether defendant should be permitted to offer testimony and evidence regarding transactions and tax disputes by persons other than the K2 Trading investors involved in this action. Plaintiff believes

that the answer to this question is plainly no, and, therefore, filed its motion *in limine*. If the Court grants that motion, plaintiff will not need at trial the witnesses added to its amended witness list or the new exhibits on its exhibit list and will withdraw them.[1] Pending a decision on that motion, and in the interests of justice, however, plaintiff should be permitted to amend its witness list and identify its new exhibits. Notably, plaintiff only became aware of the need to amend its witness and exhibit lists after it received defendant's later-served witness and exhibit lists and the meeting between counsel which attempted to resolve objections and designate joint exhibits.

## I. Defendant Is Not Prejudiced By The Amendment Of Plaintiff's Witness And Exhibit Lists

Where a party acted in good faith, did not lack diligence or repeatedly violate pretrial orders or deadlines, and the party filed a supplemental witness or exhibit list as soon as it became aware of the need to do so, the Court should permit the supplemental witnesses and exhibits. See Nichols v. Am. Nat'l Ins. Co., 154 F.3d 875, 889 (8th Cir. 1998) (holding that plaintiff should have been granted leave to supplement her exhibit list where the need for the supplemental exhibits did not become known until the eve of trial), United States v. Gravatt, No. 94-3368, 1996 WL 221618, at *6-7 (10th Cir. May 2, 1996) (affirming admission of the government's late noticed witness where the government acted without malice or willfulness in failing to disclose the witness and defendant was given three days to prepare cross-examination). Leave to amend witness and exhibit lists should be granted where the party opposing such amendment can not demonstrate unfair prejudice. See Gravatt, 1996 WL 221618, at *6.

[1] The exhibits in dispute do not include Pl. Exs. 76, 120, 121, 137, 140, 141, 152, 206-211, 214, 216, 217 and 242. See Motion by the United States to Exclude Plaintiffs' New Exhibits at n. 3.

A. The witnesses are well known to defendant

All of the ten witnesses that are the subject of plaintiff's motion to amend its witness list have long been known by defendant and could not possibly have resulted in prejudice or surprise to the government.[2] Indeed, these ten witnesses were identified during discovery by both plaintiff and defendant as potential witnesses, but none were ultimately deposed by either party. Plaintiff suspects that defendant engaged in discussions with several of these witnesses and not merely the Van Boxels and Mr. LaValle.

The sole reason for plaintiff's initial identification of these witnesses during discovery was merely because defendant had itself identified dozens of potential witnesses in its amended Rule 26 disclosure (served on January 26, 2006 and on April 12, 2006, and generally identifying all witnesses who participated in spread options transactions) -- a number that far exceeded the mere eight or nine people that actually had any personal knowledge of the transactions at issue in this case. To depose that startling number of witnesses in this case would have simply been irresponsible and a waste of resources to everyone involved. But, as a protective matter, plaintiff responded by letter dated April 27, 2006 (see attached) by identifying the same witnesses, not knowing which, if any, would ever be called to testify by defendant. Although defendant did provide to plaintiff specific information concerning the Van Boxels, when confronted on the issue of trial witnesses defendant's counsel refused to indicate whether the Van

---

[2] Pending resolution of plaintiff's motion *in limine*, plaintiff accepts defendant's statement that it does not object to the testimony of Greg and Lori Van Boxel, and Bob LaValle, all of whom appear on both plaintiff's amended witness list and defendant's witness list. Def. Resp. at 1, n.1. Accordingly, plaintiff intends to file a motion seeking authorization to serve trial subpoenas on the Van Boxels and Mr. LaValle.

Boxels, or any other witnesses unrelated to this case, would in fact be listed as a witness for trial.

Plaintiff in its original witness list could have identified all of these dozens of witnesses for trial, but such an act seemed outrageous and inappropriate given that no formal discovery was taken with respect to any such witnesses and there was no reason to think that one witness would be called over another. Thus, plaintiff chose not to identify any unrelated witnesses, such as the ten set forth in its motion to amend the witness list. Plaintiff took this course of action because, in reality, any such witnesses would only be called by plaintiff in rebuttal to defendant's witnesses if and to the extent any such unrelated witnesses were called by defendant and the Court allowed such testimony to proceed. As it turns out, out of the dozens of potential witnesses, defendant only identified the Van Boxels and Mr. LaValle on its witness list, which was filed about three weeks after plaintiff filed its original witness list.

B. <u>The exhibits are relevant to the transactions put at issue by defendant</u>

In good faith, plaintiff, on its original exhibit list, only listed documents directly relevant to the K2 Trading investors and the transactions at issue in this case. Reflecting the fact that defendant received plaintiff's exhibit list prior to having to submit its own, the parties agreed that, following service of defendant's exhibit list, plaintiff would be allowed to supplement its earlier filed exhibit list. Plaintiff served its supplemental exhibit list within the time agreed to by the parties. Defendant, nonetheless, now complains that it does not have sufficient time to review the documents identified on plaintiff's supplemental exhibit list. Defendant agreed to the timing of this procedure and cannot now claim prejudice resulting from its execution.

Additionally, the burden of these supplemental documents is minimal.[3] With the exception of a small number of documents,[4] all of plaintiff's supplemental exhibits have been disclosed to defendant. Moreover, all of these documents relate to transactions which, according to defendant, are part of a "pattern" which it is aware of and wishes to present to the Court. Thus, the subject matter of these exhibits is of no surprise to defendant and it cannot be prejudiced by their admission, if necessary, to rebut its "pattern" evidence.

C. Disclosure of plaintiff's supplemental witnesses and exhibits is timely

Although plaintiff acknowledges that it could have discussed this issue sooner with defendant, plaintiff contacted defendant as soon as it was clear which new witnesses and the related evidence it was proposing to add for rebuttal to the Van Boxels' and the other unrelated "pattern" evidence testimony. Defendant indicated at that point that it would likely object to the new witnesses.

The reason for the delay in informing defendant of the new witnesses as well as the added rebuttal evidence is because much of the evidence derives from a

---

[3] Defendant's claim that there were more than "10,000" pages of new exhibits disclosed is misleading. Nearly all of those pages of documents are simply trading confirmations with respect to various clients who had consulting agreements with Sentinel Advisors. Plaintiff will gladly withdraw all such exhibits from its list if the defendant agrees not to argue that the fees paid pursuant to consulting agreements with such clients, all of whom engaged in spread options investment strategies with Sentinel Advisors, represent "tax shelter" fees or some other inappropriate and irrelevant assertion. Otherwise, such documents are intended to prove that such consulting agreements represented legitimate business relationships that Sentinel Advisors had with its clients.

[4] Nine documents have been withheld because, as discussed *infra* and in plaintiff's reply in further support of its motion *in limine*, the Van Boxels and their co-plaintiffs in a Michigan state court litigation refuse to waive the confidentiality order with regard to these documents. The Van Boxels have, however, waived confidentiality with regard to the documents from that litigation which they provided to defendant.

personal lawsuit filed by the Van Boxels and certain other parties against Mr. Bergmann and Ms. Conjeevaram in Michigan state court. All of the evidence relating to the litigation in Michigan state court became known to New Vista, LLC during the course of pretrial discovery in the Michigan litigation for which depositions occurred in late August and early September 2006. Although many of the documents were known to plaintiff prior to that date, they were all (like the deposition transcripts plaintiff seeks to use) subject to a confidentiality order and could not be used by plaintiff in this case without permission by the Van Boxels and their attorneys.

As a result of this confidentiality order, plaintiff was precluded from disclosing such documents or the witnesses who could testify about such materials to defendant until a waiver was obtained from the other parties to that lawsuit (specifically, the Van Boxels and the other persons identified by plaintiff here as potential witnesses). Plaintiff first searched alternative sources for the documents and located some of them (which were then disclosed to the defendant). Plaintiff then contacted counsel for the Van Boxels and attempted to obtain an agreement to waive the confidentiality restrictions on the other documents that plaintiff seeks to use in rebuttal, which has been to no avail thus far.

Given the proximity to trial and the relevancy of these witnesses and exhibits should the Court deny plaintiff's motion *in limine*, plaintiff decided in good faith to inform defendant of the situation, amended its exhibit list and seek to amend its witness list in anticipation of a possible resolution over the confidentiality of the Michigan litigation documents. That resolution has not yet occurred and it is unclear when and if it will occur.

D. Any prejudice is not the result of plaintiff's actions but rather has been caused by others

Plaintiff's inability to disclose the documents in the Michigan case raises serious questions about how and why the Van Boxels and their attorneys are dictating the extent to which evidence is being introduced in this case. The Van Boxels and their attorneys have conveniently allowed the government access to their documents, which appear on defendant's exhibit list despite the confidentiality order, but plaintiff has been denied permission to use documents from the same source. Thus, any prejudice to the government is caused by their witnesses and the witnesses' civil attorneys.

Moreover, as a result, the Van Boxels have effectively shielded themselves from being subject to any meaningful cross examination and protected the much of the "pattern" evidence testimony and exhibits offered by defendant from attack. Such a result creates an unjust setting for a trial of this case and should constitute an additional reason for the Court to exclude any pattern or other unrelated evidence from this case.

**II. If Plaintiff's Motion *In Limine* Is Denied, The Witnesses And Exhibits Identified On Plaintiff's Amended Witness And Exhibit List Are Necessary To A Full Trial On The Merits**

As is more fully discussed in plaintiff's motion *in limine*, if defendant is permitted to offer its "pattern" evidence, plaintiff must be permitted to fully explore the transactions which comprise such a "pattern" to demonstrate the weaknesses of defendant's argument. If these non-K2 Trading transactions are in fact relevant, defendant's opposition to plaintiff's amended witness and exhibit lists is merely an attempt to deny plaintiff and the Court the opportunity for a full trial on the merits. Defendant's only argument in support of this inequitable result is that five weeks is

insufficient time to prepare. This limited, at best, claim of prejudice is not grounds to deny plaintiff and the Court the opportunity for a full trial on the merits.

## CONCLUSION

The dispute over plaintiff's motion to amend its witness list and defendant's new motion to exclude plaintiff's new exhibits is premature given that such testimony and the related evidence would only come into play in rebuttal if and to the extent the Court allows defendant's use of the "pattern" evidence in dispute in plaintiff's motion *in limine*. Should plaintiff's motion *in limine* be denied, however, plaintiff should be permitted to call the witnesses identified in its amended witness list and present into evidence the documents identified on its amended exhibit list.

Respectfully submitted,

s/ Mark D. Allison

Mark D. Allison
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, NY 10019-6092
Telephone: (212) 259-6866
Facsimile: (212) 259-6333
E-mail: mallison@dbllp.com

Felix B. Laughlin, Esq.
John F. Collins, Esq.

COUNSEL FOR PLAINTIFF

Dated: October 10, 2006