IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-1419 T

(Judge Mary Ellen Coster Williams)

K2 TRADING VENTURES, LLC,
NEW VISTA, LLC, TAX MATTERS PARTNER,

Plaintiff

v.

THE UNITED STATES,

Defendant

## UNITED STATES' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

JUN -9 2005

Pursuant to Rule 34, defendant requests that plaintiffs produce, and serve upon the defendant, the following documents, papers, and other writings described in the following enumerated requests for production.

These requests seek information held by Plaintiffs, the Additional Participants, or the Beneficial Participants (including information held by affiliates, agents, accountants, or attorneys thereof). If any person objects to any request, or the production of any particular document, defendant requests that the document and the reasons for the objection be identified with sufficient specificity to permit the objection to be addressed by the court. If, for any other reason, any person cannot furnish the information as requested, that person should respond to the extent possible and specify the reason for its inability to respond fully.

PENGAD-Bayonne, N.J.
EXHIBIT
A

If any person withholds any information from these responses based upon a claim of privilege, that person is requested to identify the information withheld with sufficient specificity to allow defendant and the court to evaluate the claim of privilege. See RCFC 26(b)(5).

To the extent that any documents called for below have been produced to the United States as part of the discovery process in Jade Trading, LLC v. United States, No. 03-2164 T (United States Court of Federal Claims), you do not need to reproduce them in response to these Requests. However, you must identify all such documents by BATES-number and specifically state to which Request(s) they are responsive.

**DEFINITIONS**

The following definitions shall apply to these requests for production unless otherwise noted:

A. To "provide" means to serve a legible and complete copy of each responsive document to defendant's counsel at the address indicated on the certificate of service attached hereto.

B. "Document" means and includes all materials or data subject to production under RCFC 34(a) and all writings or recordings within the meaning of Fed. R. Evid. 1001. The term shall be broadly construed to include (but shall not be limited to) correspondence, electronic mail, notes, notations, contracts, brochures, agreements, deeds, leases, letters, memoranda, checks, bank statements, reports, analyses, projections, studies, records, corporate minutes, financial statements, financial records, accounting or audit workpapers (including permanent workpapers), spreadsheets, transcripts, recordings, and all other types of written or documentary materials. It includes all originals, copies, and non-identical copies (whether by reason of

handwritten notations thereon or otherwise), regardless of whether the information is stored on paper, in electronic form, or through any other medium.

C. The term "person" shall be construed to mean and include an individual, trust, estate, partnership, company, corporation, governmental body, or other entity.

D. The term "Plaintiffs" includes (a) K2 Trading Ventures, LLC; (b) New Vista, LLC; and (c) any corporate successor of any of these entities.

E. The term "Additional Participants" refers to the following entities (and any successor thereof):

1. A.B.I.B Family Partners, Ltd.;
2. Ari Bergmann Revocable Trust;
3. Abraham J. Pfeiffer Revocable Trust;
4. Ari Bergmann 1999 Family Trust;
5. Sentinel Advisors, LLC;
6. Smita Conjeevaram Revocable Trust;
7. Srini Conjeevaram Revocable Trust;
8. Udai K. Puramsetti 1999 Revocable Trust; and
9. Woodleaf Trust.

F. The term "Beneficial Participant" refers to any person entitled to control or receive any income or principal obtained by any of the Additional Participants, such as the beneficiaries or trustees of any of the trusts listed in paragraph E. If any "Beneficial Participant" is itself a trust, then the term "Beneficial Participant" shall refer to any person entitled to control or receive any income or principal obtained by such Beneficial Participant.

G. The "Transactions" refers to the series of events described in paragraph 12 of the Complaint.

H. The phrase "transactions substantially similar to the Transactions" shall include any transaction in which an investor purchases and sell call options and subsequently contributes those options to a partnership or any transaction of the type described in Notice 2000-44.

## REQUESTS FOR PRODUCTION

1. Please provide all documents constituting the organizational and operating documents of the Plaintiffs, the Additional Participants, or the Beneficial Participants (including, but not limited to, (a) records reflecting the creation and registration of corporations and LLC's; (b) any entity's minute books; (c) any entity's resolutions; (d) trust declarations or other documents forming, amending, and governing trusts; and (e) any publicly filed documents relating to any of these entities).

2. Please provide all documents establishing any and all legal or contractual relationships between or among any of the Plaintiffs, the Additional Participants, or the Beneficial Participants in effect at any time between the years 1999-2005.

3. Please provide all documents presenting financial reports of the condition of the Plaintiffs, the Additional Participants, or the Beneficial Participants for the years 1999-2002 (including, but not limited to, any audited or unaudited financial statements or statements of net asset value).

4. Please provide all documents constituting income tax returns or information returns filed by the Plaintiffs, the Additional Participants, or the Beneficial Participants for the

years 1999-present (including, but not limited to, any federal Forms 1040, 1041, 1065, 1120, or K-1 filed by any of these persons).

5. Please provide all documents reflecting communications between or among the Plaintiffs during the years 1999-2001 relating to the Transactions.

6. Please provide all documents reflecting communications between or among any of (a) the Plaintiffs, (b) the Additional Participants, or (c) the Beneficial Participants, during the years 1999-2001 relating to the Transactions.

7. Please provide all documents reflecting communications between BDO Seidman, LLP and any of the following: (a) the Plaintiffs, (b) the Additional Participants, or (c) the Beneficial Participants, during the years 1999-present relating to the Transactions.

8. To the extent that any of the Plaintiffs, Additional Participants, or Beneficial Participants contends that it relied upon legal or tax advice provided by any lawyer or accountant in filing any tax return reflecting the consequences of the Transactions, please provide all documents reflecting communications between such person and the lawyer or accountant during the years 1999-present relating to the Transactions.

9. Please provide all documents exchanged by the Internal Revenue Service and any of the Plaintiffs, Additional Participants, or Beneficial Participants related to any audit of any tax return reflecting the consequences of the Transactions.

10. Please provide all records of foreign currency and equity trading engaged in by any of the Plaintiffs, the Additional Participants, or the Beneficial Participants during the years 1999-2001.

11. Please provide all records reflecting any and all fees paid by Plaintiffs, the Additional Participants, or the Beneficial Participants to any person or entity related to the Transactions, including but not limited to: (1) fees paid to counterparties in connection with any currency trades, (2) fees paid to lawyers and/or other professionals for advice on the tax treatment of the transaction; and (3) fees paid to any investment advisor in connection with the Transactions.

12. Please provide any document provided by any person or entity to Plaintiffs, the Additional Participants, or the Beneficial Participants describing any economic, legal, tax, or financial benefit which could be derived by engaging in transactions substantially similar to the Transactions (or, conversely, provided by Plaintiffs, the Additional Participants, or the Beneficial Participants, to any other person or entity).

13. Please provide all documents constituting the complaint in any litigation filed after January 1, 2000, in which the Plaintiffs, the Additional Participants, or the Beneficial Participants appears as a party.

14. Please provide all documents requested to be identified in response to defendant's first interrogatories.

Respectfully submitted,

STUART J. BASSIN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6418

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
DAVID GUSTAFSON
Assistant Chief
WILLIAM K. DREW
Reviewer
MICHAEL S. RAUM
Trial Attorney

Of Counsel

June 9, 2005

CERTIFICATE OF SERVICE

I certify that service of the foregoing document has, this 9th day of June 2005, been made on plaintiff by mailing a copy thereof, in a postage prepaid envelope, to the following address:

Felix B. Laughlin, Esquire
Dewey, Ballantine LLP
1775 Pennsylvania Ave., N.W.
Washington, D.C. 20006

New Vista, LLC
68 Carman Avenue
Cedarhurst, New York 11516

U. S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D. C. 20044
202-307-6440