IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No's 04-1419 T, 05-1067 T

(Judge Mary Ellen Coster Williams)

K2 TRADING VENTURES, LLC,
NEW VISTA, LLC, TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# MOTION FOR CONTINUANCE OF TRIAL

The United States respectfully moves for a continuance of the trial in these cases, now scheduled to begin on May 7, 2007, until a date no sooner than 60 days after issuance of the Court's ruling in *Jade Trading, LLC v. United States*, No. 03-2164T. Plaintiffs have indicated that they will oppose this motion. As good cause for allowance of this motion, the United States represents as follows–

(1) At the time the Court scheduled this case for a May 2007 trial, the Court stated that it hoped to decide the *Jade Trading* case before the *K2 Trading* trial.[1] Unless the Jade Trading opinion is to be published very soon, the circumstances that the Court expected will not occur, and (for the reasons argued below) the expected benefits of a *K2 Trading* trial after the *Jade Trading* opinion will not be obtained.

[1] Recently, the Court's work may have been interrupted by supplemental briefing to address the impact of a Texas district court ruling on the issues in *Jade Trading*, although that briefing will be completed this week.

(2) This case has many factual similarities to *Jade Trading*. Both cases involve transactions with the same three basic steps–(1) purchases of offsetting option spreads by a single-member entity or LLC, (2) contribution of the spreads by the LLC to a so-called hedge fund partnership, and (3) withdrawal of the LLC from the hedge fund partnership several months later. In both cases, the owners of the LLC recognized large losses from these activities–losses many times the amount of economic risk faced by the participants. The principals in *K2 Trading* were the promoters of the equivalent transactions in *Jade Trading*. Upon audit, the Internal Revenue Service concluded that the taxpayers' reported tax treatment of these activities was improper and the Service accordingly determined that certain adjustments to the partnerships' reporting of the transactions were required and that penalties were applicable to any underpayments attributable to the improper treatment. Not surprisingly, many of the same witnesses and documents presented at the trial of *Jade Trading* would likely be presented at a trial of this case.

Similarly, the two cases present many common legal issues. Both cases require a determination of whether the option spreads are properly characterized as two large, but separate, positions (as plaintiffs contend) or a single small net position (as the United States contends). Likewise, both cases will present a series of legal issues concerning the parameters of the economic substance doctrine. Both cases will require legal determinations concerning the applicability of the valuation overstatement and substantial underpayment penalties in situations where the economic substance doctrine is employed. Once the applicability of those penalties is determined, the Court will have to determine, in both cases, the availability and parameters of the statutory reasonable cause defense.

(3) The Court's rulings in *Jade Trading* on these common issues will almost surely

dictate its disposition of the same issues in this case. For instance, as the facts related to the option spread characterization issue are virtually identical in the two cases, the Court's ruling on this characterization issue in this case is likely to match its ruling on the same issue in *Jade Trading.* Likewise, the Court is likely to resolve in an identical manner in both cases the disputed legal question concerning the applicability of the valuation overstatement and substantial underpayment penalties where the economic substance doctrine is employed. Even where the facts of the two cases differ, the Court's rulings in *Jade Trading* may well effectively determine the resolution of the comparable issues in this case.

(4) Resolution of the *Jade Trading* case prior to further action in this case is likely to substantially reduce the cost, time, and effort required to present and resolve this case. If the Court adopted certain positions in *Jade Trading*, this case could be resolved upon cross-motions for summary judgment. Even if the Court's ruling in *Jade Trading* did not allow for resolution of this case without a trial (or in some truncated trial procedure), this case could be tried in less time, more efficiently, and less expensively if the parties were able to tailor their presentations to reflect this Court's opinion in *Jade Trading*.

Indeed, a trial of this case would impose very substantial costs upon the parties and the Court–expenditures which might prove to have been unnecessary in view of the Court's *Jade Trading* opinion. The currently projected five to eight trial days will require the parties to arrange for the attendance of many far-flung witnesses, require the parties to incur substantial expert witness fees, and generate extensive further costs for both parties. Further, such a trial would consume a significant amount of the Court's resources The possibility that those expenditures will prove to have been unnecessary outweighs any interest in an early trial which might (or might not) result in an earlier determination of the merits of this case.

(5) As counsel for *Jade Trading* has previously observed, the Court's trial of this case before issuance of an opinion in *Jade Trading* creates the risk that the decision-making in the *Jade Trading* case will be tainted by evidence that is presented here but that was not presented during the *Jade Trading* trial. (The converse is also true.) That risk would be exacerbated by the similarities in the fact patterns, documents, and witnesses which would be presented at the two trials. Even if the Court successfully kept the trial evidence in the two cases separate, the added difficulty of the endeavor (coupled with the risk of a tainted record) counsel in favor of delaying trial of this case until after a ruling is rendered in Jade.

WHEREFORE, defendant respectfully requests that the Court issue an order authorizing the issuance and service of subpoenas upon the listed individuals.

Respectfully submitted,

s/Stuart J. Bassin
STUART J. BASSIN
Attorney of Record
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6418

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
JENNIFER P. WILSON
Trial Attorney
JOSEPH SYVERSON
Trial Attorney

Of Counsel

March 22, 2007