IN THE UNITED STATES COURT OF FEDERAL CLAIMS

K2 TRADING VENTURES LLC, NEW VISTA, LLC, TAX MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

Nos. 04-1419T & 05-1067T
Judge Mary Ellen Coster Williams

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATUS REPORT**

New Vista, LLC, the tax matters partner of K2 Trading Ventures, LLC ("K2 Trading"), submits this Response to Defendant's Status Report as follows:

1. The parties held a conference call with the Court on March 27, 2007 to discuss, among other things, defendant's last minute motion for continuance of the trial of this case, currently scheduled for May 7, 2007, which had been agreed to by the parties and the Court in October 2006.

2. During the March 27th conference call, the Court inquired about the anticipated length and scope of the trial and the status of other cases that may be affected by the anticipated decision in *Jade Trading*.

3. Since the conference call with the Court, plaintiff has given consideration to the issues raised by the Court and the defendant and believes that a solution is possible.

4. To address defendant's concerns that somehow issues may be narrowed (but maybe not finally resolved) by the Court's decision in *Jade Trading*, plaintiff would suggest that the parties consider conducting the *K2 Trading* trial in two parts in order to

save time and money. During the first part of the trial, to occur in May, plaintiff would offer the testimony only of Mr. Bergmann and Dr. Nassim Taleb (plaintiff's expert), and defendant would then present the testimony only of its experts, Dr. DeRosa and Dr. Kolbe. These witnesses are all from the eastern United States -- thus not requiring extreme travel and costs to the parties -- and they represent much of the critical testimony that will be offered in this case. The parties should be able to complete such part of the trial in just three to four days. After such testimony (and related evidence) and the decision of the *Jade Trading* case, the parties can attempt to stipulate to as many issues as possible before submitting the case to the Court for decision and conducting post-trial briefing. If not all issues are resolved or stipulated to at that point, the parties can conduct the second part of the trial in September (or at another time as agreed to by the parties and the Court) during which the remaining witnesses (who would be traveling from many different areas around the country) would testify. After such additional testimony, the case would be submitted for decision and post-trial briefs would be filed.

5. Plaintiff believes that such an approach would allow plaintiff to proceed with the part of the trial for which it has already invested substantial time and money due to prior preparation on three different occasions, but allow defendant to avoid unnecessary costs associated with a prolonged and difficult trial involving issues that may be resolved or narrowed in part by the *Jade Trading* decision. Moreover, such an approach should not impede the Court's ability to finalize the decision and opinion in *Jade Trading*.

6. Plaintiff would be open to further discussion with the Court and defendant on the scheduled April 2nd conference call about this or another compromise to the trial process that would allow part of the trial to proceed in May as scheduled.

7. Plaintiff offers this proposed solution because defendant's last minute efforts to completely preclude plaintiff from proceeding to trial in May is extremely prejudicial. Plaintiff has already spent hundreds of hours and substantial sums of money in preparation for this trial on three occasions -- for trial dates that were scheduled for June 2006, November 2006 and again in May 2007. To require plaintiff to fully undertake this preparation again is requiring plaintiff to be placed in severe financial constraints. Moreover, plaintiff is challenged by having to organize six different plaintiff-investors, an expert witness and several non-party witnesses -- all of which has also been done three different times and required most of these persons (including plaintiff's counsel) to move other meetings and appointments to accommodate this schedule.

8. With respect to defendant's "status report," plaintiff believes that defendant's unilateral efforts to lump the *K2 Trading* case into a basket of so-called Son of Boss / Notice 2000-44 cases is inappropriate, particularly without ever establishing the legal or factual basis for such a conclusion.

9. Indeed, this Court has rejected such attempts in the past on at least three occasions, including defendant's motion to consolidate *Jade Trading* and *K2 Trading*, as well as defendant's efforts to continue the trial of *K2 Trading* indefinitely pending a final decision in *Jade Trading* (including all appeals from this Court's decision).

10. Defendant's motion papers and status report never address the admitted distinctions between *Jade Trading* and *K2 Trading*, including the vastly different economics and pre-tax profit potential of the transactions, the lack of tax benefits in the latter, the restriking of the options in the latter, the use of multiple currencies in the latter, the lack of legal or tax opinions in the latter, the timing of the transactions and the period

of the investments, and the reasons for the investors' contribution and assignment of the options to a partnership entity and the timing of those decisions. Moreover, there is no reference in defendant's motion papers or status report to the different evidence and witness testimony that will be presented by plaintiff, including, quite critically, that of a very different expert witness, Dr. Nassim Taleb, who is one of the leading experts of foreign currency options trading in the world.

11. Plaintiff respectfully requests that the Court give consideration to plaintiff's proposed approach to resolving the issues that have been raised by defendant's motion for continuance.

Respectfully submitted,

s/ Mark D. Allison
MARK D. ALLISON
Dewey Ballantine LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: 212-259-6866
Facsimile: 212-259-6301

FELIX B. LAUGHLIN
JOHN F. COLLINS

*Attorneys for New Vista LLC*

Dated: April 2, 2007